## UNITED STATES *v.* STEVENSON

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS.

No. 292.   Argued October 14, 15, 1909.—Decided November 29, 1909.

On writ of error taken by the United States under the Criminal Appeals Act of March 2, 1907, c. 2564, 34 Stat. 1246, where the indictment was dismissed as not sustained by the statute and also as bad on principles of general law, this court can only review the decision so far as it is based on the invalidity or construction of the statute; it cannot consider questions of general law. *United States* v. *Keitel,* 211 U. S. 370.

In determining whether a special remedy created by a statute for enforcing a prescribed penalty excludes all other remedies, the intention of Congress may be found in the history of the legislation, and, in the absence of clear and specific language, Congress will not be presumed to have excluded the Government from a well-recognized method of enforcing its statutes.

The fact that a penal statute provides for enforcing the prescribed penalty of fine and forfeiture by civil suit does not necessarily exclude enforcing by indictment; and so held in regard to penalty for assisting the immigration of contract laborers prescribed by §§ 4 and 5 of the Immigration Act of February 20, 1907, c. 1134, 34 Stat. 898.

Although the term misdemeanor has at times been used in the statutes

of the United States without strict regard to its common-law meaning a misdemeanor at all times, has been a crime, and a change in a statute by which that which before was merely unlawful is made a misdemeanor will not be presumed to be meaningless.

When the Government prosecutes by indictment for a penalty that it might sue for in a civil action the person proceeded against is entitled to all constitutional protection as to production of witnesses against him and a verdict cannot be directed against him as might be the case in a civil action.

THE facts are stated in the opinion.

The *Solicitor General* for the United States:

On the construction of the statute: This court has jurisdiction to review the action of the District Court in sustaining the demurrer to the second count of the indictment, which charged defendants with assisting contract laborers to migrate from Canada into the United States in violation of § 4 of the Immigration Act.

The Criminal Appeals Act, in allowing immediate appeal when the particular questions of law enumerated in the act have been decided against the Government, intends unquestionably to rid the Government of the obstruction of criminal justice through mistakes of the inferior courts on such questions of law. There is nothing in this act which forbids the idea that in such case as the present the Government can have a review by this court, either of the question of statutory construction alone, or of both that question and the other question on which the lower court rested its judgment; nor does the act limit this court's consideration to the single question which gives the right of appeal.

In cases where the question which gives the right of appeal requires determination, but the actual decision of another point by the lower court equally led to the judgment below—so that this court's decision of the question which gives the right of appeal must be supplemented by decision of the other question by the lower court in order to ascertain what conse-

quences upon the judgment below this court must attach to its own decision of the question which gives the right of appeal—each question made by the lower court a basis of its judgment is involved in the appeal. Under the circumstances of this case, the court ought to pass upon both questions actually decided below.

When this court finds the lower court right upon the point which made direct appeal to this court allowable, it can at once affirm the judgment of the lower court without considering any other question raised or decided in the lower court. *United States* v. *McDonald,* 207 U. S. 120; *United States* v. *Mason,* 213 U. S. 120. And when this court finds the lower court wrong upon the point which made appeal allowable, it can at once reverse the judgment of the lower court without considering any other questions raised in the lower court but not actually decided by it. *United States* v. *Bitty,* 208 U. S. 393; *United States* v. *Keitel,* 211 U. S. 370.

Indictment is an allowable mode of prosecution for violating § 4 of the Immigration Act of 1907; and the action of debt allowed by § 5 is not exclusive. The wording of § 5 as to action of debt is merely permissive and does not prohibit indictment; and no intention to deny the Government the ordinary remedies of indictment or information for prosecution for a penalty will be inferred. *Savings Bank* v. *United States,* 19 Wall. 227, 238, 239; *Crofton's Case,* 1 Mod. 34; *United States* v. *Stocking,* 87 Fed. Rep. 857.

Either indictment or information will lie under a statute creating an offense punishable by penalty and which prescribes no remedy or allows some special remedy not intended to be exclusive; because they are ordinary and approved methods of prosecution for an offense not above a misdemeanor.

As to indictment: 2 Hawk. P. C., ch. 25, § 4; 1 Chitty Crim. Law (Am. Ed., 1847), *162; Harris's Crim. Law (London, 101), p. 333; *United States* v. *Chouteau,* 102 U. S. 603, 610.

As to information: 2 Hawk. P. C., ch. 26, §§ 1, 2; 1 Chitty's Crim. Law, *844, 845; 4 Bl. Com. 309, 310; Harris's Crim.

Law, p. 343; *United States* v. *Buzzo,* 18 Wall. 125; *Ex parte Wilson,* 114 U. S. 417, 424, 425.

*Mr. Herbert Parker, Mr. Charles C. Milton* and *Mr. Henry H. Fuller,* for defendants in error, submitted:

On the construction of the statute: A violation of § 4 of the Immigration Act cannot be prosecuted by indictment. While made a misdemeanor no penalty is prescribed in this section, and the next section provides for recovery of a money penalty by suit. This constitutes a debt which is recoverable only by civil action.

It is a universal rule of statutory interpretation that, where a statute prescribes a particular mode of procedure for the enforcement of a penalty for an offense therein created, that mode of procedure must be followed. The word "may" in the statute is applicable to the parties who are permitted to maintain the civil action, any one of whom may so proceed. 1 Wharton's Crim. Law, § 25; *United States* v. *Moore,* 11 Fed. Rep. 248; *United States* v. *Howard,* 17 Fed. Rep. 638; *United States* v. *Craft,* 43 Fed. Rep. 374.

We have, therefore, the case of an act described as a misdemeanor in which there is no provision whatsoever for punishment, except by a penalty to be recovered by civil action. There is no alternative punishment or procedure mentioned in this statute, nor is there any general statute providing for a penalty for misdemeanor.

It follows, therefore, that the provisions of the statute providing a civil process to enforce the penalties for violation of § 4 are exclusive, and no indictment will lie. *United States* v. *McElroy,* 115 Fed. Rep. 252; *Moller* v. *United States,* 57 Fed. Rep. 490, 495.

It is obvious from the history of § 4 that Congress may have intended to change the character of the offense set forth by said section from the civil to the criminal side, for § 4 of the Immigration Act of March 3, 1903, characterizes the offense as "unlawful," and, in the present section, which is, in effect, a

reënactment of the act of 1903, a change is made by substituting the words "a misdemeanor" for the word "unlawful," and it is submitted that the mere characterization of an act as a misdemeanor, without some accompaniment rendering such offense punishable by criminal process, cannot avail to alter the technical and true character of such offense, or create by implication an indictable crime.

The nature of the statute is essentially penal, and no loose construction is permissible. The forfeiture for the offense and the method by which such forfeiture may be secured to the United States are prescribed in the same section of the statute, and it is submitted that the procedure therein set forth must be followed.

Unless a criminal procedure is provided in terms, none such can be called to the assistance of an intent, however manifest it may be made to appear. A crime can be created only by express declaration of a statute. It cannot take form, through colorable suggestions of intent, nor can it rest upon implications, especially where such are in conflict with the express provision of the statute.

MR. JUSTICE DAY delivered the opinion of the court.

This case comes to this court under the provisions of the Criminal Appeals Act of March 2, 1907, c. 2564, 34 Stat. 1246, providing for writs of error on behalf of the United States in certain criminal cases. The defendants in error were indicted for the violation of the Immigration Act of February 20, 1907, c. 1134, 34 Stat. 898, and charged with unlawfully assisting certain alien contract laborers to migrate from Canada to the United States, in violation of the statute. The District Court, upon demurrer to the indictment, held the second count thereof to be invalid, because the sole remedy for a violation of the statute was in a civil action for the recovery of a penalty under § 5 of the act. The court also held the second count bad because it did not sufficiently specify the acts of assistance constituting

the alleged offense.   Rulings were made concerning the first count not involved in this proceeding.

From this statement it is apparent that the court below proceeded upon two grounds, one of which concerned the construction of the statute, the other of which decided the invalidity of the indictment upon general principles of criminal law.   We are therefore met at the threshold of the case with the question whether a writ of error will lie in such a case as the one under consideration, under the provisions of the Criminal Appeals Act of 1907.

This statute was before the court in the case of *United States* v. *Keitel*, 211 U. S. 370, and is given in full in the margin of the report of that case.   In that case it was held that the purpose of the statute being to permit a review in this court of decisions based upon the invalidity or construction of the criminal statutes of the United States, the decisions of the lower courts were intended to be reviewed only upon such questions, and the whole case could not be brought here for review.   In the *Keitel case* it was insisted that this court should consider the validity of the indictment upon questions of general law not decided in the court below.   We are here confronted with a case in which a decision of the court below sustaining a demurrer to an indictment involves not only the construction of a Federal statute, but another ground upon which the decision was also rested, which involves the sufficiency of the indictment on general principles.

The object of the criminal appeals statute was to permit the United States to have a review of questions of statutory construction in cases where indictments had been quashed, or set aside, or demurrers thereto sustained, with a view to prosecuting offenses under such acts when this court should be of opinion that the statute, properly construed, did in fact embrace an indictable offense.   Inasmuch as the United States could not bring such a case here after final judgment, it was intended to permit a review of such decisions as are embraced within the statute, at the instance of the Government, in order to have a

final and determinative construction of the act and to prevent a miscarriage of justice if the construction of the statute in the court below was unwarranted.

In the *Keitel case* this court said (211 U. S. 398):

"That act [of March 2, 1907], we think, plainly shows that in giving to the United States the right to invoke the authority of this court by direct writ of error in the cases for which it provides contemplates vesting this court with jurisdiction only to review the particular question decided by the court below for which the statute provides."

As the question of general law involved in the decision of the court below is not within either of the classes named in the statute, giving a right of review in this court, we must decline to consider it upon this writ of error.

We come now to consider the construction of the statute and the validity of the indictment in that respect. Sections 4 and 5 of the Immigration Act under consideration are given in the margin.[1]

---

[1] SEC. 4. That it shall be a misdemeanor for any person, company, partnership, or corporation, in any manner whatsoever, to prepay the transportation or in any way to assist or encourage the importation or migration of any contract laborer or contract laborers into the United States, unless such contract laborer or contract laborers are exempted under the terms of the last two provisos contained in section two of this act.

SEC. 5. That for every violation of any of the provisions of section four of this act the persons, partnership, company, or corporation violating the same, by knowingly assisting, encouraging, or soliciting the migration or importation of any contract laborer into the United States shall forfeit and pay for every such offense the sum of one thousand dollars, which may be sued for and recovered by the United States, or by any person who shall first bring his action therefor in his own name and for his own benefit, including any such alien thus promised labor or service of any kind as aforesaid, as debts of like amount are now recovered in the courts of the United States; and separate suits may be brought for each alien thus promised labor or service of any kind as aforesaid. And it shall be the duty of the district attorney of the proper district to prosecute every such suit when brought by the United States.

A reading of these sections makes it apparent that the act makes it a misdemeanor to assist or encourage the importation of contract laborers, and that violations thereof may be punished with forfeiture and payment of $1,000 for each offense, which, it is provided, may be sued for and recovered by the United States, or by any person bringing the action, as debts of like amounts are recovered in the courts of the United States; and it is made the duty of the district attorney of the proper district to prosecute every such suit when brought by the United States.

The contention of the defendants in error is that the action for a penalty is exclusive of all other means of enforcing the act, and that an indictment will not lie as for an alleged offense within the terms of the act. The general principle is invoked that where a statute creates a right and prescribes a particular remedy that remedy, and none other, can be resorted to. An illustration of this doctrine is found in *Globe Newspaper Company* v. *Walker*, 210 U. S. 356, in which it was held that in the copyright statutes then in force Congress had provided a system of rights and remedies complete and exclusive in their character. This was held because, after a review of the history of the legislation, such, it was concluded, was the intention of Congress.

The rule which excludes other remedies where a statute creates a right and provides a special remedy for its enforcement rests upon the presumed prohibition of all other remedies. If such prohibition is intended to reach the Government in the use of known rights and remedies, the language must be clear and specific to that effect. *Dollar Savings Bank* v. *United States*, 19 Wall. 227, 238, 239. In the present case, if it could be gathered from the terms of the statute, read in the light of the history of its enactment, that Congress has here provided an exclusive remedy intended to take from the Government the right to proceed by indictment, and leaving to it only an action for the penalty, civil in its nature, then no indictment will lie, and the court below was correct in its conclusion.

It is undoubtedly true that a penalty of this character, in the absence of statutory provisions to the contrary, may be enforced by criminal proceedings under an indictment. The doctrine was stated as early as *Adams* v. *Woods*, 2 Cranch, 336, 340, wherein Mr. Chief Justice Marshall said:

"Almost every fine or forfeiture under a penal statute, may be recovered by an action of debt as well as by information. . . . In this particular case, the statute which creates the forfeiture does not prescribe the mode of demanding it; consequently, either debt or information would lie."

In *Lees* v. *United States*, 150 U. S. 476, 479, the doctrine was laid down that a penalty may be recovered by indictment or information in a criminal action, or by a civil action in the form of an action for debt. It is to be noted that this statute (§ 5 of the Immigration Act) does not in terms undertake to make an action for the penalty an exclusive means of enforcing it, and only provides that it may be thus sued for and recovered. There is nothing in the terms of the act specifically undertaking to restrict the Government to this method of enforcing the law. It is not to be presumed, in the absence of language clearly indicating the contrary intention, that it was the purpose of Congress to take from the Government the well-recognized method of enforcing such a statute by indictment and criminal proceedings.

When we look to the history of the act we think it becomes manifest that Congress did not so intend. The Immigration Act of March 3, 1903, c. 1012, 32 Stat. 1213, was amended by the act of February 20, 1907, c. 1134, 34 Stat. 898, now under consideration. The original act made it unlawful to assist or encourage the importation or migration of certain aliens into the United States. The amended act declares that such assistance, etc., shall be a misdemeanor. It is not to be presumed that this change is meaningless, and that Congress had no purpose in making it. Nor can we perceive any purpose in making the change except to manifest the intention of Con-

gress to make it clear that the acts denounced should constitute a crime which would carry with it the right of the Government to prosecute as for a crime.   This term "misdemeanor" has been generally understood to mean the lower grade of criminal offense as distinguished from a felony. It is true that the term has often been used in the statutes of the United States without strict regard to its common-law meaning, and sometimes to describe offenses of a high grade, which have been declared in the statutes to be misdemeanors.   In the statutes of the States the term has generally been defined as embracing crimes not punishable by death or imprisonment in the penitentiary.   And we may note that the new penal code of the United States which will go into effect on January 1, 1910 (§ 335, c. 321, 35 Stat. 1088), provides that all offenses which may be punished by death, or imprisonment for a term exceeding one year, shall be termed felonies; all other offenses shall be termed misdemeanors.   But at all times a misdemeanor has been a crime.   *Commonwealth of Kentucky* v. *Dennison*, 24 How. 66, 69.

Congress having declared the acts in question to constitute a misdemeanor, and having provided that an action for a penalty may be prosecuted, we think there is nothing in the terms of the statute which will cut down the right of the Government to prosecute by indictment if it shall choose to resort to that method of seeking to punish an alleged offender against the statute.   Nor does this conclusion take away any of the substantial rights of the citizen.   He is entitled to the constitutional protection which requires the Government to produce the witnesses against him, and no verdict against him can be directed, as might be the case in a civil action for the penalty.   *Hepner* v. *United States*, 213 U. S. 103.

We therefore reach the conclusion that the court erred in sustaining the demurrer to the second count of the indictment, so far as that ruling is based upon the construction of the statute in question.   The judgment is reversed and the case

remanded to the District Court of the United States for the District of Massachusetts for further proceedings in conformity with this opinion.

*Reversed.*