### MILLON v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 15, 1914.)

#### No. 59.

ALIENS ☞59—IMMIGRATION LAWS—CONTRACT LABOR—CIVIL OR CRIMINAL REMEDY.

Act Feb. 20, 1907, c. 1134, § 2, 34 Stat. 898, as amended by Act March 26, 1910, c. 128, § 1, 36 Stat. 263 (Comp. St. 1913, § 4244), provides, in section 4 (Comp. St. 1913, § 4248), that it shall be a misdemeanor for any person to prepay transportation or assist or encourage the importation of contract labor into the United States, and in section 5 (Comp. St. 1913, § 4250) declares that a violator of section 4 shall forfeit and pay for such offense $1,000, which may be sued for and recovered by the United States, or by any person who shall first bring his action therefor in his own name and for his own benefit, including any alien thus promised labor or service of any kind, as debts of like amount are recovered in the courts of the United States, and it shall be the duty of the district attorney of the proper district to prosecute every such suit when brought by the United States. Held, that the two sections, construed together, indicated an intention of Congress to provide a fine of $1,000 as a punishment for the misdemeanor, and that the provision for a civil remedy did not exclude a criminal prosecution; the government being authorized to proceed either by indictment to punish the misdemeanor or by civil remedy to collect the penalty as a debt.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 115, 116; Dec. Dig. ☞59.

Importation of contract labor, see note to United States v. Parsons, 66 C. C. A. 133.]

---

In Error to the District Court of the United States for the Southern District of New York.

I. H. Levy, of New York City, for plaintiff in error.

J. C. Knox, Asst. U. S. Atty., of New York City.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. In this case the plaintiff in error was indicted under section 4 of the act of February 20, 1907, for the importation of three contract laborers, in violation of section 2 of that act, as amended March 26, 1910. The defendant objects to the jurisdiction of the court on the ground that, while section 4 defines a crime, it prescribes no punishment and therefore the whole provision is a nullity. Sections 4 and 5 read as follows:

"Sec. 4. That it shall be a misdemeanor for any person, company, partnership, or corporation, in any manner whatsoever, to prepay the transportation or in any way to assist or encourage the importation or migration of any contract laborer or contract laborers into the United States, unless such contract laborer or contract laborers are exempted under the terms of the last two provisos contained in section two of this act.

"Sec. 5. That for every violation of any of the provisions of section four of this act the persons, partnership, company, or corporation violating the same, by knowingly assisting, encouraging, or soliciting the migration or importation of any contract laborer into the United States shall forfeit and pay for every such offense the sum of one thousand dollars, which may be sued for and recovered by the United States, or by any person who shall first bring his action therefor in his own name and for his own benefit, including any such alien thus promised labor or service of any kind, as aforesaid, as debts of like amount are now recovered in the courts of the United States; and separate suits may be brought for each alien thus promised labor or service of any kind as aforesaid. And it shall be the duty of the district attorney of the proper district to prosecute every such suit when brought by the United States."

The separation of these two sections may be disregarded. Read together, as if they both constituted section 4, it is quite clear that the punishment for the misdemeanor is a fine of $1,000. The provision of a civil does not exclude a criminal remedy. The government may proceed either by indictment to punish the misdemeanor or by civil remedy to collect the penalty as for a debt. In either case the fine or penalty is the sum of $1,000. We regard the decision in United States v. Stevenson, 215 U. S. 190, 199, 30 Sup. Ct. 35, 37 (54 L. Ed. 153), as controlling. Mr. Justice Day says:

"Congress having declared the acts in question to constitute a misdemeanor, and having provided that an action for a penalty may be prosecuted, we think there is nothing in the terms of the statute which will cut down the right of the government to prosecute by indictment, if it shall choose to restore to that method of seeking to punish an alleged offender against the statute."

The judgment is affirmed.