## In re ALIENS.

### (District Court, N. D. New York. April 1, 1916.)

1. ALIENS ⊙⇒54—DEPORTATION OF ALIENS—SUSPENSION OF DEPORTATION.
   Immigration Act Feb. 20, 1907, c. 1134, § 19, 34 Stat. 904 (Comp. St. 1913, § 4268), provides that the Commissioner General of Immigration may suspend, upon conditions to be prescribed by him, the deportation of any alien found to have come in violation of that act if the testimony of such alien is necessary on behalf of the United States government in the prosecution of offenders against any provision thereof. *Held*, that such alien may be detained when his testimony is necessary in a suit to recover a penalty for a violation of that act as well as when his detention is necessary or desired for prosecution of a criminal offense thereunder.
   [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. ⊙⇒ 54.]

2. ALIENS ☞54—DEPORTATION OF ALIENS—SUSPENSION OF DEPORTATION.

Immigration Act Feb. 20, 1907, § 19, authorizes the Commissioner General of Immigration to suspend, upon conditions to be prescribed by him, the deportation of any alien whose testimony is necessary in the prosecution of offenders against any provision thereof. A rule of the Commissioner General of Immigration provides that, where the deportation of an alien is stayed so that he may testify concerning violations of the immigration law, the case must be promptly reported to the United States attorney, with request that if he decides to institute proceedings he either take the deposition of the alien or secure a court order for his detention as a witness. *Held* that, when a criminal offense has been committed in connection with the coming or bringing in of an alien for which the United States attorney determines to prosecute, the District Court has power to make an order detaining the alien as a witness and requiring him to enter into a bond for his appearance as a witness and in default of giving such bond to commit him to a suitable place of confinement.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. ☞54.]

3. ALIENS ☞54—DEPORTATION OF ALIENS—SUSPENSION OF DEPORTATION.

The court may also detain an alien and require him to give bail as a condition to allowing him to go at large, where his testimony is desired in civil suits for penalties such as the penalty prescribed by Immigration Act Feb. 20, 1907, § 5 (section 4250), for assisting in the importation of contract laborers, especially as detention in criminal cases was already provided for by Rev. St. § 881 (Comp. St. 1913, § 1492), which authorizes any United States judge, on being satisfied by proof that the testimony of any person is competent and necessary on the trial of any criminal proceeding, to compel such person to give recognizance.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. ☞54.]

4. ALIENS ☞54—DEPORTATION OF ALIENS—SUSPENSION OF DEPORTATION.

The suspension of the deportation of an alien whose testimony is desired in a suit or prosecution for a violation of the immigration laws provided by Immigration Act Feb. 20, 1907, § 19, is within the power of the government in dealing with aliens unlawfully in the United States.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. ☞ 54.]

5. UNITED STATES ☞40—DEPARTMENTAL REGULATIONS—FORCE AND EFFECT.

When the power to make rules and regulations for carrying out a specific enactment of Congress is expressly conferred on the head of a department of the government, such rules and regulations have all the force of law, if consistent therewith, reasonable, and within the scope of the power conferred.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 29; Dec. Dig. ☞40.]

In the matter of requiring a bond from aliens found or brought unlawfully into the United States. Order confirmed.

The question is raised whether the United States District Court has lawful power and right to hold an alien unlawfully in the United States to bail when his deportation has been stayed so that he may testify concerning the violations of the Immigration Law in both criminal and civil cases; that is, actions to recover penalties as well as in cases of misdemeanors.

D. B. Lucey, U. S. Atty. of Ogdensburg, N. Y.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

RAY, District Judge. By section 19 of the Act of February 20, 1907 (34 Stat. 898), as amended by the acts of March 26, 1910 (36 Stat. 263), being "An act to regulate the immigration of aliens into the United States," it is provided that aliens brought to this country in violation of law shall, if practicable, be immediately sent back to the country whence they respectively came on the vessels bringing them. By other sections aliens who come in by land unlawfully are to be deported. The owner or owners of vessels on which such aliens come are to detain them thereon, and if they refuse or fail to return them to the foreign port from which they came, or to pay the cost of their maintenance while on land, etc., then such master, person in charge, agent, owner, or consignee shall be deemed guilty of a misdemeanor, and shall, on conviction, be punished by a fine of not less than $300 for each and every such offense, etc. There are also other acts in violation of this law which are made misdemeanors. By section 20 of the act, aliens who enter the United States in violation of law are to be arrested upon the warrant of the Secretary of Labor and deported to the country whence they came, etc.

[1] The act also provides that, when an alien brought into the United States in violation of law is desired by the United States or its immigration officers as a witness, the deportation of such alien may be suspended, and that such alien may be held to be used as a witness. It is not required that the detention of the alien be necessary or desired for the prosecution of a criminal offense under the act. If his detention be necessary in a suit to recover a penalty for the violation of some provision of the immigration laws, such alien may be detained.

[2] The Commissioner General of Immigration is authorized to make such rules and regulations and prescribe such forms, etc., and issue such instructions, not inconsistent with law, as he shall deem best calculated for carrying out the provisions of the act and for protecting the United States and aliens migrating thereto from fraud and loss, etc. The Commissioner General of Immigration has made Rule 25, which reads as follows:

"Where the deportation of an alien is stayed so that he may testify concerning violations of the immigration law, the case must be promptly reported to the United States attorney with request that if he decides to institute proceedings he either take the deposition of the alien or secure a court order for his detention as a witness. In either event the Bureau shall be promptly informed as to any action taken hereunder."

It is seen by examination that there are misdemeanors specified in more than one section of the Immigration Act. It would be the duty of the district attorney of the district to prosecute the offenders, and it may and frequently does become necessary to delay or suspend the deportation of the aliens unlawfully brought into the United States under such circumstances as to constitute a misdemeanor, that is, the commission of a crime against the United States that they may be used as witnesses. In such cases, it is for the immigration officers to determine whether or not the alien shall be detained and deportation stayed. If that conclusion is arrived at, then it becomes the duty of the United States attorney to inquire into the case and, if he de-

termines to prosecute, apply to the court for an order holding such alien as a witness, and the witness or alien may be required to enter into a bond. In these cases, the district court has the power to make an order detaining the alien as a witness and requiring him to enter into a bond. In default of giving such bond, such alien may be committed to a suitable place of confinement. This place may be the jail, when no other place is provided.

Cases of this character are criminal cases, and the alien is detained as a witness in a criminal case by the same authority that other witnesses in criminal cases are detained as such and required to give bond.

When an alien is unlawfully brought into the United States and found therein, he may be arrested and deported by the immigration authorities. When a criminal offense has been committed by any one in connection with the coming or bringing in of such alien, it, of course, is proper to prosecute the offender, and it frequently happens that such alien is a necessary and material witness in the prosecution of the case. The rule (25) clearly applies to cases of this character, and, when the United States attorney decides to "institute proceedings," he may either take the deposition of the alien or secure a court order for the detention of such alien as a witness. This provision is not a punishment of the alien, or intended as such, but is a provision in his interest, as it will secure to him witness fees by reason of his detention at the rate of $1 per day during such detention. In any event, such alien is held in the custody of the immigration officers when deportation is stayed.

I think the statutes and the rules read together make it plain that when a criminal offense—that is, a misdemeanor—has been committed, the authority to make an order detaining the alien as a witness and exacting a bond if he goes at liberty is beyond question.

[3] We come to the question whether a detained alien unlawfully brought into the United States, or found therein, unlawfully, and held for deportation, and whose presence in the United States as a witness in the prosecution of suits brought by the United States to recover penalties for violation of the immigration laws, may be held to bail, if he would go at large, pending the trial of such action. And, especially, may such aliens be held to bail in cases brought to recover a penalty for a violation of section 5, Act of Feb. 20, 1907 (34 Stat. L. 898)?

Sections 4 and 5 should be read together, and read as follows:

"Sec. 4. That it shall be a misdemeanor for any person, company, partnership, or corporation, in any manner whatsoever, to prepay the transportation or in any way to assist or encourage the importation or migration of any contract laborer or contract laborers into the United States, unless such contract laborer or contract laborers are exempted under the terms of the last two provisos contained in section two of this act.

"Sec. 5. That for every violation of any of the provisions of section four of this act the persons, partnership, company, or corporation violating the same, by knowingly assisting, encouraging, or soliciting the migration or importation of any contract laborer into the United States, shall forfeit and pay for every such offense the sum of one thousand dollars, which may be sued for and recovered by the United States, or by any person who shall

first bring his action therefor in his own name and for his own benefit, including any such alien thus promised labor or service of any kind as aforesaid, as debts of like amount are now recovered in the courts of the United States; and separate suits may be brought for each alien thus promised labor or service of any kind as aforesaid. And it shall be the duty of the district attorney of the proper district to prosecute every such suit when brought by the United States."

The presence of these alien witnesses unlawfully in the United States and subject to deportation is as necessary when the case of a violation of the "Contract Labor" provisions is being prosecuted by suit for the penalty as when being prosecuted criminally. The violation may be prosecuted in either manner. United States v. Stevenson, 215 U. S. 190, 30 Sup. Ct. 35, 54 L. Ed. 153. In that case the court said:

"A reading of these sections makes it apparent that the act makes it a misdemeanor to assist or encourage the importation of contract laborers, and that violations thereof may be punished with forfeiture and payment of $1,000 for each offense, which, it is provided, may be sued for and recovered by the United States, or by any person bringing the action, as debts of like amounts are recovered in the courts of the United States; and it is made the duty of the district attorney of the proper district to prosecute every such suit when brought by the United States. * * *

"Congress having declared the acts in question to constitute a misdemeanor, and having provided that an action for a penalty may be prosecuted, we think there is nothing in the terms of the statute which will cut down the right of the government to prosecute by indictment if it shall choose to resort to that method of seeking to punish an alleged offender against the statute. Nor does this conclusion take away any of the substantial rights of the citizen. He is entitled to the constitutional protection which requires the government to produce the witnesses against him, and no verdict against him can be directed, as might be the case in a civil action for the penalty. Hepner v. United States, 213 U. S. 103 [29 Sup. Ct. 474, 53 L. Ed. 720, 27 L. R. A. (N. S.) 739, 16 Ann. Cas. 960]."

[4] I do not see that any right of the alien in such a case is invaded by an order providing that he be held or detained as a witness when his deportation is delayed or suspended by competent authority for that purpose as may be done under the provisions of section 19 of the Immigration Act, and that he may be committed unless he shall give bail to appear as a witness at a time and place designated. I do not know of any treaty stipulation which will be violated by such action. It would seem that Congress as it has done may provide for or authorize delay in the execution of an order of deportation and a suspension of action thereunder for a reasonable time to serve some public purpose. The arrest and detention without bail of alien Chinese laborers in the United States and here contrary to law has been authorized, and the act has been repeatedly held constitutional. As bail in all cases of aliens unlawfully in the United States and subject to deportation is in the discretion of the court, and their detention to be used as witnesses is authorized by act of Congress, I do not see that it is an abuse of authority or an invasion of any right of the alien subject to deportation to fix bail for his appearance in court at a definite time and allow him to go at large on giving bail accordingly which otherwise he could not do. Subject to deportation and lawfully held in custody for that purpose, and with the immediate execu-

tion of the order of deportation lawfully suspended, it would seem proper and lawful to provide that such alien may go at large, provided he gives a bond to appear at a designated place and time fixed. The suspension of the execution of the order of deportation is not conditioned on his giving a bond. The suspension is within the power of the government in dealing with aliens unlawfully in the United States. The giving of the bond is a mere condition of his being at liberty while in the United States.

I think the section of the immigration law referred to, authorizing suspension of deportation when the presence of the alien at a future day is deemed necessary, and rule 25 quoted, were intended to apply, and do apply, to both the criminal and civil prosecutions under and authorized by the Immigration Act. If not so, then the rule would be unnecessary, for in all criminal cases prosecuted by the United States witnesses, whether aliens or not, may at the request of the United States attorney be held to bail for attendance at court. Section 881, Revised Statutes of the United States; 1 U. S. Compiled Statutes (1913) § 1492, p. 638. That section reads as follows:

"Sec. 1492. (R. S. § 881.) *Recognizance of Witnesses Required at any Time on Application of District Attorney.*—Any judge of the United States, on the application of a district attorney, and on being satisfied by proof that the testimony of any person is competent and will be necessary on the trial of any criminal proceeding in which the United States are parties or are interested, may compel such person to give recognizance, with or without sureties, at his discretion, to appear to testify therein; and, for that purpose, may issue a warrant against such person, under his hand, with or without seal, directed to the marshal or other officer authorized to execute process in behalf of the United States, to arrest and bring before him such person. If the person so arrested neglects or refuses to give recognizance in the manner required, the judge may issue a warrant of commitment against him, and the officer shall convey him to the prison mentioned therein. And the said person shall remain in confinement until he is removed to the court for the purpose of giving his testimony, or until he gives the recognizance required by said judge."

In view of the purpose of the law and of the end to be attained, I cannot arrive at any other conclusion. I have no doubt that the detention of the alien under a suspension of an order of deportation is valid. That lawfully he may be allowed to go at large on bail prior to actual deportation cannot be questioned. The act provides for bail pending deportation, and in my opinion the bond, if given, will be valid and enforceable. The practice authorized by the statute and rule quoted will give reasonable assurance to the United States attorney that the attendance of the necessary alien witnesses is certain on the trial of actions for penalties incurred through a violation of the Immigration Act, and this without added hardship to such aliens. As already stated, the provision for a court order allowing bail as a witness is in the interest of the detained alien, as it assures him the sum of one dollar per day while so detained. But for such court order authorized by the rule the alien would be detained without pay.

[5] It is unnecessary to refer to the numerous decisions to the effect that, when the power to make rules and regulations for carrying out a specific enactment of Congress is expressly conferred on the

head of a department of the United States government, such rules and regulations have all the force of law if consistent therewith, reasonable, and within the scope of the power conferred.

My conclusions and holding are that where an alien has been duly held for deportation and his deportation duly suspended to enable him to be used as a witness for the United States in the prosecution of either a criminal case arising under the immigration law or a civil case to enforce a penalty incurred by a violation of the Immigration Act, and such facts are brought to the attention of the United States attorney and he determines to institute proceedings, such alien may be detained by order of the District Court as a witness.

The order made is confirmed accordingly.