KOHLHAMER et al. v. SMIETANKA, Internal Revenue Collector.

(District Court, N. D. Illinois, E. D. January 31, 1917.)

No. 803.

1. EQUITY ☞66—DOING EQUITY.

One seeking to enjoin collection of penalties for nonpayment of internal revenue taxes has not, as is required of one seeking equity, done equity, not having paid or tendered the taxes admitted to be due.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 188–190; Dec. Dig. ☞66.]

2. INJUNCTION ☞19—PREVENTION OF MULTIPLICITY OF SUITS.

The court is not justified in taking jurisdiction of an injunction suit, on the ground of avoiding a multiplicity of suits, because of the many persons of the class represented by plaintiffs, where, at most, so far as appears, there are but two entitled to relief.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 18; Dec. Dig. ☞19.]

3. INTERNAL REVENUE ☞45—PENALTIES—ENJOINING COLLECTION.

Rev. St. § 3224 (Comp. St. 1913, § 5947), prohibiting suit to enjoin collection of any tax, applies to the penalty which Act Oct. 22, 1914, c. 331, 38 Stat. 764, to increase internal revenue, by section 23 provides shall be assessed and collected as other penalties incurred under internal revenue laws are assessed and collected; Rev. St. § 3176 (Comp. St. 1913, § 5899), one of the administrative provisions of law by reference made part of the act, providing that the amount fixed as a penalty shall be added to the tax and collected as part of it.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 109–113; Dec. Dig. ☞45.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. INTERNAL REVENUE ⬨⟶45—ASSESSMENT OF PENALTIES.

Under section 23 of Act Oct. 22, 1914, to increase internal revenue, declaring part of such act all administrative provisions of law, including that relating to assessment of taxes, the internal revenue collector has authority under Rev. St. § 3182 (Comp. St. 1913, § 5904), to make assessment of penalties arising out of the act.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 109–113; Dec. Dig. ⬨⟶45.]

5. INTERNAL REVENUE ⬨⟶45—PENALTIES—RELIEF FROM.

One is not relieved from the penalty provided by section 23 of Act Oct. 22, 1914, to increase internal revenue, for failure to pay the tax, by section 22, making his default, when accompanied by criminal intent, a misdemeanor.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 109–113; Dec. Dig. ⬨⟶45.]

In Equity. Suit by Robert W. Kohlhamer and others against Julius F. Smietanka, Internal Revenue Collector. Temporary restraining order denied.

Henry S. Robbins, of Chicago, Ill., for complainants.

Charles F. Clyne, U. S. Atty., and Joseph B. Fleming, Asst. U. S. Atty., both of Chicago, Ill., for defendant.

EVANS, Acting District Judge. Plaintiffs seek to restrain defendant, the United States Collector of Internal Revenue for the district in which Chicago is located, from proceeding to collect from them, by distraint, large sums of money as penalties for failures to pay the stamp tax on sales, agreements to sell, and agreements of sale, imposed by section 22 of the act to increase the internal revenue, enacted October 22, 1914 (38 Stat. 759, c. 331). In support of their prayer for relief, plaintiffs showed that defendant, in his official capacity, was seeking to collect the 200 per cent. penalty provided by section 23 of the act, and that notices and demands had been served upon plaintiffs, of which the following is illustrative:

Form 17.

Tax .......... $ 4,313.65
200% penalty    8,313.30
                ─────────
               $12,940.95

United States Internal Revenue.
    F. C. Jan. 13–16.
                    Regular Tax.
            Notice and Demand for Tax Assessed.
List for month of Sept. 1916.
........................Division.
            United States Internal Revenue.
                Office of the Collector,
            First District of Illinois.
                                    Nov. 17, 1916.
To Wm. K. Copenhaver, 69 Board of Trade:
    You are hereby notified that a tax, under the internal revenue laws of the United States, amounting to $12,940.95, the same being a tax upon S. T. on sales for the period ending 1916, has been assessed against you by the Commissioner of Internal Revenue and transmitted by him to me for collection.

⬨⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Demand is here made for this tax, which is due and payable to the person designated below on or before November 27, 1916, such payment to be made in the manner set forth on the reverse side of this notice and demand. If this tax is not in my hands for deposit before the close of business on the day above specified, it will be my duty, under the law, to collect the same together with five per centum additional, and interest at one per centum per month until paid.

Payment may be made to Julius F. Smietanka, Collector of Internal Revenue, 426 Federal Building, Chicago.

As to one of the plaintiffs the bill alleges that he is—

"willing to accept as a proper tax and willing to pay said sum of $4,313.65, but said complainant has not paid same because the defendant insists also upon the payment of a further sum of $8,627.30 as a penalty," etc.

The defendant, by means of affidavits, asserted that the plaintiffs and many other members of the Board of Trade collected large sums of money from customers for taxes necessarily required in the consummation of certain transactions, but that the moneys collected from the customers were retained by the brokers; that the government discovered the failure of the brokers to pay the stamp tax on such transactions in August, 1916, and that the penalties, the collection of which plaintiffs seek to restrain by this action, were imposed partly by reason of this failure to thus turn over the moneys as collected. Section 23 of the act reads as follows:

"That all administrative, special, or stamp provisions of law, *including the law relating to the assessment of taxes,* so far as applicable, are hereby extended to and made a part of this act, and every person, firm, company, corporation, or association liable to any tax imposed by this act, or for the collection thereof, *shall keep such records and render, under oath,* such statements and returns, and shall comply with such regulations as the Commissioner of Internal Revenue, with the approval of the Secretary of the Treasury, may from time to time prescribe, and every such person, firm, company, corporation or association who evades or attempts to evade any of the taxes imposed by this act, or shall fail to truly account for and pay all taxes collected by them under this act, or any regulations issued thereunder, shall be subject to a penalty of double the amount of the taxes evaded or attempted to be evaded or unlawfully withheld, to be assessed and *collected as other penalties incurred under internal-revenue laws are assessed and collected,* and for * * * expense connected with the assessment and collection of the taxes provided by this act there is hereby appropriated $200,000," etc.

Defendant alleged that his examination of the business conducted on the Board of Trade showed that a large number of the members of this particular class, other than plaintiffs, had not paid taxes when due upon transactions which were admittedly subject to a tax, and that in many of the cases investigated members had retained the money collected from customers for the purpose of paying stamp taxes. In justice to many members of the Board of Trade it should be said that the last statement in the foregoing paragraph applied only to a part of the membership, and that this action to restrain the collection of penalties was by only a part of the total membership.

The foregoing facts prevent plaintiffs from squarely presenting the question which their counsel ably argued.

[1, 2] The intervention of a court of equity is sought to avoid a multiplicity of suits. It appears, however, that the class for which

the plaintiffs attempt to act are not all similarly situated. In fact, the plaintiffs named in this act, four in number, are not in the same position so far as their right to invoke the jurisdiction of a court of equity is concerned. Certainly one, and probably two, of the four plaintiffs, have no standing in a court of equity. Asking relief of a court of equity, the plaintiff must come with clean hands. Seeking equity, he must do equity. Having admitted that he has failed to pay the government a tax past due, one of the plaintiffs must be denied the relief here sought. People's Bank v. Marye, 191 U. S. 272, 282, 24 Sup. Ct. 68, 48 L. Ed. 180; Supervisors v. Stanley, 105 U. S. 305, 26 L. Ed. 1044; National Bank v. Kimball, 103 U. S. 732, 26 L. Ed. 469.

The Supreme Court in State Bank R. R. Tax Cases, 92 U. S. 616, 23 L. Ed. 663, said:

"Before complainants seek the aid of the court to be relieved of the excessive tax, they should pay what is due. Before they ask equitable relief, they should do that justice which is necessary to enable the court to hear them. * * * It is not sufficient to say in the bill that they are ready and willing to pay whatever may be found due. They must first pay what is conceded to be due, or what can be seen to be due on the face of the bill, or be shown by affidavits, whether conceded or not, before the preliminary injunction should be granted. The state is not to be thus tied up as to that of which there is no contest, by lumping it with that which is really contested. If the proper officer refuses to receive a part of the tax, it must be tendered, and tendered without the condition annexed of a receipt in full for all the taxes assessed."

It appears that another plaintiff has collected money from customers for the purchase of revenue stamps, which he now witholds, while the government asserts, under the oath of one of its officers, that all plaintiffs and all members of the class for which plaintiffs assume to speak, have thus far failed to pay all of the taxes properly chargeable against them. Eliminating those who must be denied all relief, it is impossible to determine whether there remain a sufficient number, so similarly situated as to justify the court in taking jurisdiction in order to avoid a multiplicity of suits. Certainly the court is not warranted in acting on this ground, when but two parties only are entitled to relief.

[3, 4] The defendant further contends that section 3224, R. S. (Comp. St. 1913, § 5947), prevents this court from enjoining the assessment and collection of the penalties in question. Section 3224 reads as follows:

"No suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."

Plaintiffs deny the application of this section to the case at bar, supporting their argument by the decision in Bornio v. Stockdale, Fed. Cas. No. 1662; the contention being that a proceeding to collect a *penalty* is not a proceeding to "assess or collect a tax." An examination of the many cases bearing upon this question, the last being Dodge v. Osborn, 240 U. S. 118, 36 Sup. Ct. 275, 60 L. Ed. 557, convinces the court that Congress intended to deny all relief by injunction to taxpayers who felt aggrieved by the act of officers intrusted by the government with the duty of determining and collecting taxes—general, special, or

stamp taxes. The remedy to recover back a tax after it has been paid was provided by Congress as the exclusive remedy. Congress, by this section, sought to avoid delays in collecting its revenue which, if unavoided, would interfere with the administration of governmental affairs.

In the case of Calkins et al. v. Smietanka, as U. S. Collector of Internal Revenue, et al. (this day decided) 240 Fed. 138, this court concluded that under section 3182, R. S. (Comp. St. 1913, § 5904), the Internal Revenue Collector had authority to make assessments of all taxes due and arising under the act to increase the internal revenue, enacted October 22, 1914. For the reasons stated in this opinion, it follows that the same officer has authority to make assessments of penalties arising out of the same act. In the same opinion this court held that section 3224, R. S., prevented a court from enjoining the Internal Revenue Collector from collecting such a tax or making an assessment of the tax. It follows, therefore, that unless the assessment of a penalty stands upon a different basis from the assessment of a tax, the plaintiffs must be denied relief by virtue of this section.

While it is true that section 3224 does not specifically include "penalties" as such, those here sought to be collected are such an integral part of the tax and so interwoven into the tax as to be a part of it. Section 3176, R. S. (Comp. St. 1913, § 5899), being one of the administrative sections referred to in section 23 of the act under consideration, provides that the amount fixed as a penalty shall be "added to the tax," and "collected at the same time and in the same manner," *and as a part of the tax*, etc.

Section 410 of the Act of September 8, 1916 (39 Stat. 792, c. 463), which repeals nearly all of the act of October 22, 1914, provides that the provisions of said act (referring to the act of 1914) "shall remain in force, * * * for the imposition and collection of all penalties or forfeitures which have accrued or may accrue in relation to any of such taxes." Of what did Congress speak when it referred to the provisions for the imposition and collection of penalties? Obviously to section 23, which provides that:

"Every such person, * * * who evades or attempts to evade any of the taxes imposed by this act, * * * shall be subject to a penalty of double the amount of the taxes evaded, * * * *to be assessed and collected as other penalties incurred under the internal revenue laws are assessed and collected.*"

Construing these sections with the general administrative act, a portion of which is quoted above, taken from section 3176, R. S., the court concludes that the penalty in the present case is a part of the tax, the assessment and collection of which are governed by section 3224.

[5] Plaintiffs further contend that, in reference to the particular tax under consideration, section 23 of the act of 1914 does not apply. In other words, it is claimed Congress did not provide for the imposition of a penalty 'for failure to pay the tax, but instead made the default a misdemeanor punishable by fine and imprisonment. But provision for punishment by fine and possible imprisonment for failure

to promptly pay a tax will not relieve plaintiff from the payment of the tax. United States v. Stevenson, 215 U. S. 191, 30 Sup. Ct. 35, 54 L. Ed. 153.

Again, from an examination of the two sections it appears that penalties are imposed for failure to pay the tax. But the failure to pay the tax does not make the offender guilty of a misdemeanor, unless the defaulting party acts "with intent to evade" the act.

The court concludes that the plaintiffs are not relieved from the penalty provided by section 23 of the act, because of the provision in section 22 which makes their default, when accompanied by criminal intent, a misdemeanor.

Plaintiffs' application for a temporary restraining order must be denied, and the order heretofore entered must be vacated.

---

⚫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes