## UNITED STATES v. KELLEY.

District Court, S. D. California, S. D.
November 8, 1927.

1. **Internal revenue** ⬤⟿28(2)—**Formal assessment is not necessary condition precedent to collect tax (Revenue Act 1924, § 310 [26 USCA § 1110]).**

Under Revenue Act 1924, § 310 (26 USCA § 1110 [Comp. St. § 6336⅘jj]), a formal assessment is not a necessary condition precedent to an action to collect a tax.

2. **Internal revenue** ⬤⟿28(2)—**Part of estate tax erroneously refunded through mistake of law is not a "deficiency," so that notice to executrix was not required before bringing suit for collection (Revenue Act 1924, § 308 et seq. [26 USCA §§ 1101–1104, 1106–1108 et seq.]; Revenue Act 1926, § 308, subd. [a]; 26 USCA § 1101).**

Where the return of an executrix for estate tax correctly stated the value of the estate and the tax due, which was paid, but through mistake of law a part was returned, the amount erroneously returned is not a "deficiency," within Revenue Act 1924, § 308 et seq. (26 USCA §§ 1101–1104, 1106–1108 et seq. [Comp. St. § 6336⅘h]) and Revenue Act 1926, § 308, subd. [a], being 26 USCA § 1101), and notice to the executrix to give opportunity to appeal to the Board of Tax Appeals is not required before bringing suit for its collection.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Deficiency.]

3. **Internal revenue** ⬤⟿28(2)—**Suit to recover estate tax may be brought in district where estate was settled (26 USCA § 142).**

Under Rev. St. § 3213 (26 USCA § 142 [Comp. St. § 5937]), suit for recovery of estate taxes may be brought in the district where the estate was settled, though the executrix resides in another district.

In Equity. Suit by the United States against Lora A. Pratt Kelley, individually and as executrix of the will of Henry A. Pratt, deceased. Decree for the United States.

Samuel W. McNabb, U. S. Atty., of Los Angeles, Cal., and Emmett E. Doherty, Asst. U. S. Atty., of San Francisco, Cal. (A. W. Gregg and J. D. Smith, both of Washington, D. C., of counsel), for the United States.

Goldman & Altman, of San Francisco, Cal., for defendant.

JAMES, District Judge. This is an action on the part of the United States to collect from the defendant, as executrix of the estate of Henry A. Pratt, deceased, the sum of $19,860.95, alleged to be owing by her as an unpaid balance of the tax assessed against the property left by decedent. Of that sum $16,447.51 was once paid by the executrix, and, as the complaint shows, this amount, together with $3,413.44 interest, was, through error and mistake, refunded to the defendant on May 13, 1925.

Henry A. Pratt, at the time a resident of Fresno, Cal., died on October 11, 1920. He left an estate of large value. On October 8, 1921, his widow, the executrix, filed her return with the Revenue Department, showing the value of the estate for tax assessment purposes. The assessment was duly made and the amount of the tax—$20,835.00—was paid by the executrix in November, 1921. An additional amount demanded by the collector, to wit, the sum of $2,462.27, was paid on December 5, 1922.

On April 3, 1922, the executrix filed a claim asking that $16,974.67 of the tax paid be refunded to her. This claim was not made because of any error occurring in the return filed by the executrix as to the value of the property of the estate, but was based solely upon the assumption that, as the property was admittedly all community property, the wife possessed a vested interest to the extent of one-half thereof, and that hence, as a matter of law, tax on only one-half of the community estate should be paid. The Revenue Commissioner, correcting the amount by subtracting the sum of $527.16 therefrom, allowed the claim for refund as before stated. In so doing he was in error. U. S. v. Robbins et al., 269 U. S. 315, 46 S. Ct. 148, 70 L. Ed. 285; Stewart v. Stewart, 199 Cal. 318, 249 P. 197; Roberts v. Wehmeyer, 191 Cal. 601, 218 P. 22. The error was in a matter of law, and did not involve the correction or change of any statement of fact shown on the original return made by the executrix. The consideration just adverted to is important, in view of the argument made that the Revenue Commissioner, acting in the name of the United States, had no power to maintain an action for the recovery of a tax without first giving notice and allowing time for an appeal to the Board of Tax Appeals to elapse. Section 308 et seq., Revenue Act of 1924 (26 USCA §§ 1101–1104, 1106–1108 et seq. [Comp. St. § 6336⅘h et seq.]); section 308 [a], Revenue Act of 1926 (26 USCA § 1101).

[1] Sections 310 and 311 of the Act of 1924 (26 USCA §§ 1110, 1111 [Comp. St. §§ 6336⅘j, 6336⅘k]) require an assessment to be made within four years after the return is filed, and prohibit the commencement of an action to collect such taxes after the expiration of five years from the date of the return. A like provision is contained in the 1926 Act (26 USCA §§ 1110, 1111). None of the terms of the act of 1924, however, forbid the bringing of an action to collect the tax, or make formal assessment thereof a necessary prerequisite thereto. In other words, under the 1924 act, if no assessment was formally entered during the four-year period after the due date of the tax, the government could still collect the same by proceeding in court if the suit was brought within the five years fixed as a limitation. Revenue Act 1924, §§ 310, 311. The tax in this case became due October 12, 1921, one year after the death of decedent. Section 406, Revenue Act of 1918 (Comp. St. § 6336¾g). The Revenue Act of 1926 was approved February 26, 1926. It was, therefore, in effect at the time repayment of the amount sued for was demanded of the executrix.

A Board of Tax Appeals was created by the act of 1924. By that act the taxpayer had the right within a certain specified time to petition that board for a review of the assessment made against him. The act of 1926 made additional provisions affecting the proceedings before the Board of Tax Appeals, and made the decision of the latter reviewable only by the Circuit Courts of Appeals, and in the District of Columbia by the Court of Appeals of that District. Section 308(a) of the act of 1926 provides that no proceedings for the collection of the tax shall be prosecuted until notice of deficiency assessment is given the executor, and not until the expiration of 60 days, and not then if an appeal to the Tax Board has been taken, in which latter case the restraint continues until the decision of the board becomes final. It is also provided that any proceeding commenced contrary to such restriction may be enjoined.

Section 318 of the act (26 USCA § 1118), in general, makes the conditions relative to the collection of taxes applicable to those accruing or accrued under either the 1917, 1918, or 1921 acts. It may be here remarked that it was the evident intent of Congress, by the enlarged provisions of the act of 1926, to make the proceeding authorized to be taken before the Board of Tax Appeals, where availed of by the taxpayer, essential to the ascertainment of the correct amount due. It would

have been an idle thing if, after creating the board and giving it jurisdiction to correct assessments, either by deducting therefrom or adding thereto, and making its determination reviewable only by an appellate tribunal, Congress designed that the government should not be bound to await the board's decision, but might proceed independently and in disregard of it. There ought to be no question of the power of Congress to determine the manner that a tax which is created by its act shall be ascertained and collected; and there is nothing inconsistent with the provisions restraining such independent proceedings in the general terms of section 1122 of the 1926 act (26 USCA §§ 1257, 1258; 28 USCA § 41, par. 20), which preserves to the District Courts the right to act, both in law and equity, to enforce collection of a tax.

[2] The argument made by counsel for the defendant, however, wherein he invokes those provisions of the law giving the taxpayer the right to appeal to the Tax Board, is predicated upon the asserted proposition that the demand of the Revenue Department as expressed in the complaint in this suit should be denominated a "deficiency" assessment under the law. In view of the conclusion at which I have arrived, it will not be useful to refer further or more specifically to the various provisions relating to tax appeals and the stay of proceedings pending the exercise of the right in the taxpayer to so appeal. If it be admitted that this demand constitutes properly the subject of a deficiency assessment, and that the assessment was of date October 11, 1926, it would seem that the action was prematurely brought, because the taxpayer was allowed no time to appear after notice and have the claim passed upon by the Tax Appeal Board. I am of the opinion that it cannot be so characterized. The law defines a "deficiency" as relating to the assessment of an estate tax to be "the amount by which the tax imposed exceeds the amount' shown as the tax by the executor upon his return."

Attention has already been pointed to the fact that the assessable amount as given by the executrix in her return is not questioned as to its correctness. The tax deducible is as to its amount necessarily certain. The Revenue Department collected that amount of tax, which was paid without protest, for it was the amount that the executrix admitted was due the government. Later, through the mutual error of the executrix and the Commissioner, the amount here sued for was handed back to the executrix. It remains as a definite ascertained amount, not subject to further review or question, which is recoverable on such a demand as was here made and by this suit. Section 3213, R. S., U. S. (26 USCA § 142 [Comp. St. § 5937]) v. Stevenson, 215 U. S. 190, 30 S. Ct. 35, 54 L. Ed. 153; U. S. v. Chamberlin, 219 U. S. 250, 31 S. Ct. 155, 55 L. Ed. 204; U. S. v. Ayer et al. (C. C. A.) 12 F.(2d) 194; U. S. v. Nashville, C. & St. L. R. Co. (C. C. A.) 249 F. 678.

[3] The point that, as the defendant, at the time this action was brought, resided at Oakland, Cal., outside this judicial district, the court is without jurisdiction, is answered by a reference to the provisions of section 3213, Rev. Stat., which permits tax suits to be brought either in the district where the tax is incurred or where the party from whom such tax is due resides. Decedent died at Fresno, within this district, and his estate was administered there. The tax, therefore, was incurred within the jurisdiction. It would seem, too, that defendant waived the point of jurisdiction of her person by making a general appearance, as the record shows. It is admitted that the executrix defendant has in her hands in excess of $50,000 received out of the assets of the estate, and it is from this fund that the government seeks to recover its tax.

Defendant has counterclaimed for certain deductions and allowances. The claim should be denied, both on the merits and because demand was never made heretofore to the revenue officers for a reaccounting.

Judgment is ordered to be entered in favor of the plaintiff. An exception on all legal grounds is allowed to the defendant to the entry thereof.