### UNITED STATES v. SHERIFF MOTOR CO. et al.
### Civil Action No. 17318.

District Court of the United States for the District of Columbia.
Aug. 16, 1943.

The United States Attorney for plaintiff.

Henry I. Quinn, of Washington, D. C., for defendants.

PROCTOR, Justice.

In my opinion the Municipal Court does not have jurisdiction of suits brought by the United States. Exclusive cognizance of "all actions or suits of a civil nature at common law or in equity, in which the United States shall be plaintiffs or complainants" was vested in the circuit court for the District of Columbia in 1801 by the act creating the court, 2 Stat. 105, 106. That jurisdiction has descended undiminished through the supreme court, 12 Stat. 762, to our present district court, 49 Stat. 1921. Although the general statute, 1 Stat. 73, giving district courts cognizance of civil actions by the United States, could not well apply to the local circuit court, it doubtless attached, as amended by 3 Stat. 244, to the supreme court no later than the Code of 1901, 31 Stat. c. 1, p. 1189, which expressly classified that tribunal as a court of the United States with the same powers and jurisdiction as the circuit and district courts of the United States. The effect, however, could only be to reinforce the ample power transferred from the local circuit court.

The series of acts from 1801 to the present time laying out the jurisdiction of our trial courts, especially as they apportion it between the superior and inferior tribunals, must at every stage be considered in relation to each other to assure a correct understanding of the respective powers of those courts at any given period.

The pertinent language of the act creating in 1942 the present Municipal Court, Pub. 512, 77th Cong., 56 Stat. 190, is that said court shall have "exclusive jurisdiction of civil actions * * * in which the claimed value of personal property or the debt or damages claimed * * * does not exceed the sum of $3,000." Standing alone and given their full literal meaning those words are broad enough to include suits by the United States. However, when they are interpreted in the light of successive acts developing the jurisdictional powers of our courts it seems clear that the inferior tribunals have never been given any cognizance of suits brought by the government. The specific power over such litigation coming down from the old circuit court has never been expressly modified in any way by subsequent legislation. This circumstance cannot be ignored. When it is considered in connection with the body of legislation upon which the

present jurisdiction of the courts has been built, we cannot ascribe to the general language of the Municipal Court Act the unrestrained meaning which the words alone may carry. To do so would violate the settled rules governing construction of statutes in pari materia (25 R.C.L. Secs. 285, 286, 287, pp. 1060 et seq. and cases cited) and those relating to implied repeal especially where an established prerogative of the sovereign may be infringed. 25 R.C. L. Sec. 262, p. 1027; Dollar Savings Bank v. United States, 19 Wall. 227, 239, 22 L.Ed. 80; United States v. Stevenson, 215 U.S. 190, 197, 30 S.Ct. 35, 54 L.Ed. 153.

If full literal scope is to be given the general terms of this recent Municipal Court Act we can with equal reason go back to the Act of 1867, 14 Stat. 401, as the point of departure from exclusive authority of the superior court over government suits. That act clothed justices of the peace with "jurisdiction in all cases where the amount claimed to be due for debt or damages * * * or * * * for wrongs or injuries to persons or property, does not exceed one hundred dollars" (with certain specified exceptions) and expressly repealed all acts or parts of acts inconsistent therewith. Succeeding statutes leading to the present one, 28 Stat. 669, 35 Stat. 623, 41 Stat. 1310, which in each instance enlarged jurisdiction of the inferior courts, adopted a pattern of language quite similar to the act of 1867. Indeed there is striking similarity between the general clauses contained in that act and the one relating to our present Municipal Court. However, we know that the act of 1867 did not have reference to government claims, for by the Revised Statutes of the District of Columbia as amended in 1877, 19 Stat. Sec. 763, p. 253, Congress expressly reasserted the exclusive authority of the supreme court over such cases. That sole authority was confirmed by the Code of 1901, 31 Stat. c. 1, pp. 1189, 1199, Sec. 61, providing that said court should have all the jurisdiction possessed and exercised by it under the act of its creation and at the date of passage of the Code. Again there were specific reaffirmances in the Code editions of 1929, Title 18, Sec. 44, and 1940, Title 11, Sec. 306. Although these editions are not conclusive evidence of the law, they must be accorded great weight in ascertaining the object and intent of the original statutes which have engaged our consideration.

In view of the recent effort to relieve congestion in the district court it may be thought regretable that small claims of the government must be filed in that court. Here, in a district under exclusive federal control, with all the safeguards thrown around the organization and functioning of the Muncipal Court, quite equal to those relating to the District Court, and with the present importance and dignity of the former there seems to be no practical reason why any distinction should prevail as to tribunals for the trial of suits brought by the government and private persons. Yet that is a matter for consideration by the Congress, which alone can lay down the boundaries of jurisdiction.