673 F.2d 47
 17 ERC 1391, 12 Envtl. L. Rep. 20,400
 In the Matter of the Complaint of OSWEGO BARGE CORPORATION,
Plaintiff, as Bare Boat Chartered Owner of the Tug "EILEEN
C" and Owner of the Barge "NEPCO 140", for Exoneration from
or Limitation of Liability.
UNITED STATES of America, Claimant-Appellant,
v.
OSWEGO BARGE CORPORATION, Appellee.
 No. 1608, Docket 81-6084.
 United States Court of Appeals,
Second Circuit.
 Submitted Dec. 24, 1981.
Decided March 4, 1982.
 
 Before VAN GRAAFEILAND and NEWMAN, Circuit Judges, and DUMBAULD,* District Judge.
 NEWMAN, Circuit Judge:
 
 
 1
 The United States petitions for rehearing of our decision reported at 664 F.2d 327, (2nd Cir.) vigorously asserting that our interpretation of § 311 of the FWPCA as preempting non-FWPCA damage remedies fails to recognize the contrary force of prior decisions that declined to construe acts of Congress to preempt remedies available to the United States. E.g., United States v. Stevenson, 215 U.S. 190, 30 S.Ct. 35, 54 L.Ed. 153 (1909); United States v. Herron, 87 U.S. (20 Wall.) 251, 22 L.Ed. 275 (1874); Dollar Savings Bank v. United States, 86 U.S. (19 Wall.) 227, 22 L.Ed. 80 (1874). The Government also contends that the instructive decision for this case is not City of Milwaukee v. Illinois, 451 U.S. 304, 101 S.Ct. 1784, 68 L.Ed.2d 114 (1981), but Sanitary District v. United States, 266 U.S. 405, 45 S.Ct. 176, 69 L.Ed. 352 (1925).
 
 
 2
 Statutes that impose restrictions on the public have been construed to be inapplicable to the United States, United States v. Herron, supra (discharge provisions of 1867 Bankruptcy Act inapplicable to debt due the United States). As was said more than a century ago, "It is a familiar principle that the King is not bound by any act of Parliament unless he be named therein by special and particular words." Dollar Savings Bank v. United States, supra, 86 U.S. at 239. But the statute at issue in this case makes explicit mention of the United States; its only purpose is to create a precise remedy solely for the United States to recover specified damages pursuant to a carefully devised formula.[1]
 
 
 3
 When Congress legislates on a subject as comprehensively and precisely as it has here, City of Milwaukee instructs that a presumption arises that common law within the scope of the subject of the legislation has been preempted. We recognize that the fact that the Government is suing is a significant factor in determining whether the presumption of preemption has been rebutted. For the reasons set forth in our original opinion, however, we remain of the view that in this instance the precise and comprehensive statutory damage remedy Congress has created for the United States is exclusive of non-statutory damage remedies. Though Sanitary District v. United States, supra, concerned the same water system, the same treaty, and the 1899 Act, with which we are marginally here concerned, it was a suit in equity to enjoin diversion of waters, contrary to a legislative prohibition, beyond what had been permitted by the Secretary of War acting pursuant to statutory authority. The Supreme Court readily upheld the authority of the United States to obtain injunctive relief to enforce Congress' will, despite the absence of any specific provision authorizing an injunction. 266 U.S. at 426, 45 S.Ct. at 178. An injunction can be obtained by the Government to protect interests of the United States when there is "enough federal law" from which the remedy may be inferred, even though other statutory remedies exist. United States v. Republic Steel Corp., 362 U.S. 482, 492, 80 S.Ct. 884, 890, 4 L.Ed.2d 903 (1960);[2] see In re Debs, 158 U.S. 564, 15 S.Ct. 900, 39 L.Ed. 1092 (1895); see generally Hart & Wechsler's The Federal Courts and the Federal System 1301-09 (2d ed. 1973). Here the United States is seeking damages under a common law remedy incompatible with the precise damage remedy Congress has designed for the United States.
 
 
 4
 The petition for rehearing is denied.
 
 
 
 *
 The Honorable Edward Dumbauld of the United States District Court for the Western District of Pennsylvania, sitting by designation
 
 
 [1]
 The Immigration Act provisions considered in United States v. Stevenson, supra, defined importation of contract laborers as a misdemeanor and established a penalty collectible by both the United States and members of the public in an action for debt. Act of February 20, 1907, 34 Stat. 898, §§ 4, 5. Those provisions did not preempt the Government's well-established authority to prosecute by indictment to enforce criminal penalties. See Adams v. Woods, 6 U.S. (2 Cranch) 336, 2 L.Ed. 297 (1804)
 
 
 [2]
 Even in such circumstances the comprehensiveness and detail of Congressional remedies can support powerful arguments against an inferred injunctive remedy. See United States v. Republic Steel Corp., supra, 362 U.S. at 493, 506-08, 80 S.Ct. at 891, 897-99 (Harlan, J., dissenting)