FILED 41
Mr. Michael D. Garrett, Director Department of Public Safety P. O. Box 749 Jefferson City, Missouri 65101
Dear Mr. Garrett:
This letter is issued in response to your recent request for a ruling on the following questions:
 "1. Does a suspended imposition of sentence in Missouri constitute a conviction?
 "2. How is a suspended imposition of sentence to be treated in relation to Sections 610.100-610.115, RSMo Supp. 1973?
 "3. Who is responsible for providing information of disposition of cases to the Missouri State Highway Patrol?"
It is our understanding from our conversations with you that all three questions refer to the operation of Sections 610.100-610.115, RSMo Supp. 1973, as they relate to the criminal record keeping duties of the Missouri State Highway Patrol.
In response to your first question, it is our opinion that a suspended imposition of sentence is not a conviction under Missouri law. That has previously been the opinion of this office. See Opinion No. 232 dated August 11, 1966; Opinion No. 518 dated December 6, 1966; and Opinion No. 129 dated May 18, 1973, copies of which are attached for your use.
The following quotation from State v. Gordon, 344 S.W.2d 69
(Mo. 1961), is indicative of the reasoning in this area:
 ". . . A suspended sentence is `a suspension of active proceedings in a criminal prosecution. It is not a final judgment * * *.' 24 C.J.S. Criminal Law § 1571, p. 47. The phrase `suspended sentence' is not a `sentence' at all but is used to describe the act of withholding the `sentence' in a case. A `suspended sentence' is not a `sentence' within the meaning of that word as used in amended Section 556.280, supra. . . ." Id. at 71.
See also State v. Crate, 493 S.W.2d 1 (Mo.Ct.App. at St.L. 1973), and Meyer v. Missouri Real Estate Commission, 183 S.W.2d 342 (K.C. Mo.App. 1944). In the Meyer case the court stated:
 ". . . a person is not deemed to have been convicted unless it is shown that a judgment is pronounced upon a verdict or plea of guilty. . . ." Id. at 347.
Your second question then is how a suspended imposition of sentence is to be treated in relation to Sections 610.100-610.115, RSMo Supp. 1973? The pertinent provisions are as follows:
 "If any person is arrested and not charged with an offense against the law within thirty days of his arrest, all records of the arrest and of any detention or confinement incident thereto shall thereafter be closed records to all persons except the person arrested. If there is no conviction within one year after the records are closed, all records of the arrest and of any detention or confinement incident thereto shall be expunged in any city or county having a population of five hundred thousand or more." Section 610.100, RSMo Supp. 1973.
 "If the person arrested is charged but the case is subsequently nolle prossed, dismissed, or the accused is found not guilty in the court in which the action is prosecuted, official records pertaining to the case shall thereafter be closed records to all persons except the person arrested or charged." Section 610.105, RSMo Supp. 1973.
 "No person as to whom such records have become closed records or as to whom such records have been expunged shall thereafter, under any provision of law, be held to be guilty of perjury or otherwise of giving a false statement by reason of his failure to recite or acknowledge such arrest or trial in response to any inquiry made of him for any purpose." Section 610.110, RSMo Supp. 1973.
 "Any person who willfully violates any provision of sections 610.100 or 610.105 is guilty of a misdemeanor and, upon conviction thereof, shall be punished as provided by law." Section 610.115, RSMo Supp. 1973.
Obviously, Sections 610.110 and 610.115 have no relation to your question.
Assuming that the charge that resulted in the suspended imposition of sentence was filed within thirty days of the arrest, Section 610.100 would have no application since it applies only in situations where an arrest has not been followed by a charge within thirty days.
Section 610.105 has no effect in a situation where suspended imposition of sentence has been made since the case has not been nolle prossed, dismissed, or resulted in a verdict of not guilty. It is simply a continuing or pending case, and the record of the arrest and charge may be carried as such by you. This is true since a suspended imposition of sentence generally is accompanied by imposition of a period of probation or parole, the terms of which, if violated, could result in imposition of sentence.
Therefore, in relation to your second question, it is our opinion that Sections 610.100-610.115 do not affect, in any way, the record of a suspended imposition of sentence which should be treated by you as a pending case.
As we noted in Opinion No. 299 dated September 28, 1973, if the person is charged with an offense within thirty days of his arrest, even if his case is still pending one year after he has been charged, the record remains open. Such a record could only become closed under the circumstances set forth in Section 610.105, i.e., if the case is nolle prossed, dismissed, or the accused found not guilty in the court in which the action is prosecuted, or as otherwise provided by law, e.g., under Section 195.290, RSMo Supp. 1971. A copy of this opinion is attached for your use.
Your final question is: "Who is responsible for providing information of disposition of cases to the Missouri State Highway Patrol?" Again, we note that this question is asked in reference to Sections 610.100-610.115, RSMo Supp. 1973, and the Patrol's record keeping duties in relation thereto.
In reference to this question, we believe that the following from Opinion No. 109 dated March 25, 1974, is appropriate:
 "Your next question asks whether anyone has an obligation to advise law enforcement officials that a case was nolle prossed, dismissed, or resulted in a finding of not guilty. Nothing in Section 610.105 directly imposes such an obligation on any person. However, as we pointed out above, the records of law enforcement agencies as well as those of courts are to be closed upon nolle prosequi, dismissal, or a finding of not guilty. Clearly the law enforcement agencies cannot close their records unless they are informed of the outcome of the case.
 "The statute gives us little guidance in this matter, but we believe that the most sensible procedure is to place the responsibility (for informing law enforcement officials of the outcome of the case) upon those persons who are most likely to know the identity of the pertinent law enforcement agencies. Ordinarily, this would mean the prosecuting attorney, who would of course be aware of all the court's rulings. However, if the law enforcement agencies he notifies of the disposition of the case are aware of other agencies which also have records pertaining to the case, they should inform such other agencies themselves."
Our conclusion in that opinion regarding this question was:
 "2. The obligation to advise persons and agencies holding records pertaining to the case of a defendant who has been nolle prossed, dismissed, or found not guilty, rests upon those who are aware that such persons and agencies possess such records, and who are aware of the outcome of the case. Primarily this responsibility devolves upon the prosecuting attorney."
Very truly yours,
 JOHN C. DANFORTH Attorney General
Enclosures: Op. No. 232 Gepford, 8-11-66
 Op. No. 518 Board of Election Commissioners of Kansas City, Missouri, 12-6-66
 Op. No. 299 McNeal, 9-28-73