**UNITED STATES of America, Appellee,**

v.

**George Edward WOODS, Appellant.**

**No. 82–1683.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 15, 1982.
Decided Dec. 27, 1982.

Thomas E. Dittmeier, U.S. Atty., St. Louis, Mo., Henry J. Fredericks, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Milton W. Schaeffer, Richmond Heights, Mo., for appellant.

Before BRIGHT and ARNOLD, Circuit Judges, and HUNTER,* Senior District Judge.

ELMO B. HUNTER, Senior District Judge.

George Edward Woods appeals his conviction under section 1202(a)(1), Title 18 (Appendix), United States Code, for knowingly possessing, in commerce or affecting commerce, a firearm, having been convicted previously of a felony. Appellant was found guilty by a jury in the District Court for the Eastern District of Missouri.[1]

On appeal, Woods argues (1) that he was not a "convicted" felon within the meaning of the statute, (2) that the trial court erred in the exercise of its judicial functions by showing undue emphasis against the defendant and his presentation of his defense, (3) that the court erred in permitting undue emphasis by the conduct of the United States Attorney during closing argument, and (4) that there was insufficient proof

that the firearm was not in the state of Missouri prior to the effective date of the gun control act.[2] For the reasons discussed below, we affirm the district court.

### Background

On December 2, 1982, two St. Louis metropolitan policemen pulled behind an occupied parked vehicle. The officers exited the patrol car and approached the parked vehicle. As they approached, George Woods, sitting in the driver's seat, got out of the car. According to the officers' testimony, Woods reached into his jacket and stooped as he exited the car. The officers heard a metallic sound under the car and a revolver slid from underneath the car to within two inches of one of the officer's feet. Woods was charged with possession of the revolver.

On October 2, 1980, in the Circuit Court for the City of St. Louis, Woods had pled guilty to a charge of shooting into a dwelling, a felony in Missouri. At the time scheduled for sentencing, allocution was granted and the judge ordered imposition of sentence suspended, placing Woods on probation for five years. At the time of the federal trial for possession of the firearm, Woods had not been released from probation.

### "Convicted" under the Statute

Section 1202(a)(1) of Title 18 (Appendix), United States Code, provides

Any person who . . . has been convicted by a court of the United States or of any state or any political subdivision thereof of a felony, . . . and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

---

* The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri, sitting by designation.

1. The Honorable John K. Regan, United States District Judge for the Eastern District of Missouri.

2. The appellant submitted this fourth argument pro se after oral argument had been heard on this appeal and we granted leave to file the argument.

Woods argues that because imposition of sentence was suspended in his earlier case, he had not been "convicted" of a felony and is not, therefore, subject to the statute.

In federal firearms cases, the Circuits have differed over whether the federal court must apply the state law to determine whether the state proceedings constitute a conviction when the predicate conviction was in state court. In *United States v. Stober,* 604 F.2d 1274, 1276 (10th Cir.1979), and *United States v. Parker,* 604 F.2d 1327, 1329 (10th Cir.1979), the Tenth Circuit Court of Appeals held that the state determination on whether the proceedings in its court constitute a conviction was to be followed by the federal courts. The First Circuit, however, has indicated that it did not believe "Congress intended the meaning of convicted to depend upon the local law's singularities, if any." *United States v. Samson,* 533 F.2d 721, 723 (1st Cir.), *cert. denied,* 429 U.S. 845, 97 S.Ct. 126, 50 L.Ed.2d 116 (1976), The Ninth Circuit has stated that whether a person was convicted for the purposes of section 922(h), title 18, (a related statute to section 1202) is a question of federal, and not state, law. *United States v. Benson,* 605 F.2d 1093, 1094 (9th Cir.1979). In *United States v. Padia,* 584 F.2d 85 (5th Cir.1978), the Fifth Circuit held that state action of setting aside a guilty verdict and expunging a conviction following successful completion of a probation term, did not alter the defendant's status as a convicted felon under federal laws.

■ We agree with those circuits which have held that federal law determines whether a person is a convicted felon for the purposes of federal firearms statutes and the state law interpretation is not binding on the federal courts.

Under either Missouri or federal law, however, the proceedings before the circuit court of St. Louis constituted a conviction for the purposes of section 1202.

Missouri courts have consistently held that a guilty plea constitutes a conviction of the highest order and authorizes immediate sentencing. *State v. Hamilton,* 337 Mo. 460, 85 S.W.2d 35, 37 (1935), *Dusenberg v. Rudolph,* 325 Mo. 881, 30 S.W.2d 94, 96 (1930); *State v. Begley,* 534 S.W.2d 632, 635 (Mo. App.1967); *Miller v. State,* 498 S.W.2d 79, 82 (Mo.App.1973). See also, *United States v. Rosenstengel,* 323 F.Supp. 499, 502 (E.D. Mo.1971).

Woods cites several cases which he asserts demonstrate that the Missouri courts do not consider a proceeding a "conviction" until sentence is imposed.[3] The cases Woods cites are not applicable, however, to the situation before us. In *State v. Gordon,* 344 S.W.2d 69 (Mo.1961), and *State v. Crate,* 493 S.W.2d 1 (Mo.App., St.L.Dist.1973), the courts were dealing with the Second Offender Act, then § 556.280, Revised Statutes of Missouri. That statute provided, "if any person convicted of any offense punishable by *imprisonment* in the penitentiary ... *shall be sentenced* ... he shall be tried and if convicted" the sentencing was to proceed under the provisions of the Act. (Emphasis added) Both *Gordon* and *Crate* state that there had to be a prior conviction and sentence. *State v. Gordon,* 344 S.W.2d at 70–71; *State v. Crate,* 493 S.W.2d 1, 2–3.[4] The Missouri courts have also indicated that for the purposes of impeaching a witness under § 491.050, Revised Statutes of Missouri, a prior conviction could not be used unless the witness had been sentenced in connection with the prior conviction. *State v. Frey,* 459 S.W.2d 359, 362 (Mo. 1970); *State v. Crate,* 493 S.W.2d 1, 3 (Mo. App., St.L.Dist.1973).

**3.** Woods also relies heavily on two Tenth Circuit cases, *United States v. Stober,* 604 F.2d 1274 (10th Cir.1979) and *United States v. Parker,* 604 F.2d 1327 (10th Cir.1979). His reliance is misplaced in that *Stober* and *Parker* dealt with a prior proceeding under the Oklahoma Deferred Judgment Act, Okla.Stat.Tit. 22, § 991c (Supp.1977). That statute is distinguishable from Missouri's act, RSMo. § 557.-011, and interpretations of Oklahoma's act have little relevance to our interpretation of Missouri's act.

**4.** The *Gordon* court, in reaching its decision, distinguished conviction from sentencing in that it stated "there must be a finding that there has been a prior *conviction, sentence,* etc." 344 S.W.2d 69, 71.

■ Because the general rule in Missouri is that a plea of guilty is a conviction and the exceptions to this rule outlined above are not applicable, we conclude that Missouri courts would find Woods was "convicted" within the meaning of the federal statute.

More importantly, the federal case law demonstrates that defendant was "convicted" within the meaning of § 1202. The federal courts have clearly established that a voluntary plea of guilty is a conviction.[5] *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); *Kercheval v. United States,* 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927); *Ford v. United States,* 418 F.2d 855, 859 (8th Cir.1969), *Hall v. United States,* 259 F.2d 430, 431 (8th Cir.1958).

Under federal cases, a conviction need not be final to subject a person to the restrictions of § 1202 and a person can be prosecuted under the section even while appeal on his predicate conviction is pending. *United States v. McGregor,* 617 F.2d 348 (3rd Cir.1980) (upholding a conviction for possession of a firearm by a convicted felon despite fact that the predicate conviction was reversed after the firearms conviction); *United States v. Locke,* 542 F.2d 800 (9th Cir.1976), affirming 409 F.Supp. 600 (D.Idaho 1976) (Defendant plead guilty in the state court. Judgment was withheld and defendant was placed on probation. The district court stated,

> A withheld judgment does not erase a conviction unless defendant satisfactorily completes the conditions of sentence imposed upon him .... The effect of continuing supervision over the defendant mitigates in favor of the conclusion that possession of a firearm during the probationary period, like possession during the pendency of appeal, possession under a suspended sentence, or possession while

under indictment, is activity prior to dismissal of the guilty plea or prior to dismissal of the charges and is activity under the proscription of conviction. (409 F.Supp. at 604–05.)

*United States v. Samson,* 533 F.2d 721, 722 (1st Cir.), *cert. denied* 429 U.S. 845, 97 S.Ct. 126, 50 L.Ed.2d 116 (1976); *United States v. Wooten,* 503 F.2d 65, 67 (4th Cir.1974); *United States v. Liles,* 432 F.2d 18, 20 (9th Cir.1970) (Section 1202 contains no requirement that the conviction be finally upheld on appeal).[6]

The outcome has been the same under similar statutes requiring a conviction. For example, in *United States v. Williams,* 484 F.2d 428 (8th Cir.1973), defendant appealed from a conviction of making a false statement on an application to purchase a firearm. On the application, defendant had responded "no" when asked if he had ever been convicted of a crime punishable by imprisonment for a term exceeding one year. At the time of trial, but after the application, defendant's conviction was reversed on appeal. We said the statute did not require the conviction to be finally upheld on appeal and that the important factor was his status at the time of the application. In *DePugh v. United States,* 393 F.2d 367 (8th Cir.) *cert. denied,* 383 U.S. 832, 89 S.Ct. 101, 21 L.Ed.2d 102 (1968), this court was confronted with the question whether a defendant charged with unlawfully transporting a revolver in interstate commerce while under an indictment for a crime punishable by imprisonment for a term exceeding a year, could be convicted if the predicate indictment was invalid. We stated, "Common sense, however, dictates that federal law enforcement should not hinge on the outcome of the state charge, whether by acquittal, nolle prosequi or quashing of the indictment." 393 F.2d at 370.

---

5. Appellant never argued to this Court that his guilty plea to the prior felony was not voluntary.

6. In *Liles,* the Ninth Circuit pointed out that subjecting a person to a penalty based on a status even short of conviction is not rare. For example, two common such occurrences are (1)

the forfeiture of bail for breach of conditions can occur regardless of whether a defendant is later found innocent, and (2) a person who flees prosecution can be found guilty on a flight charge regardless of a subsequent innocent determination on the original charge. 432 F.2d at 21.

The district court, Eastern District of Missouri, was confronted with an argument very similar to that raised by Woods in *United States v. Rosenstengel,* 323 F.Supp. 499 (E.D.Mo.1971). The defendant in that case, like Woods, argued that because imposition of sentence was suspended following his guilty plea in state court, he was not "convicted" within the meaning of § 922(a) of Title 18 (a statute related to § 1202). In a well-reasoned opinion, the district court rejected this argument, holding that once guilt has been established whether by plea or by verdict and nothing remains to be done except pass sentence, the defendant has been convicted within the intendment of Congress. 323 F.Supp. at 502. In both *United States v. Lehmann,* 613 F.2d 130, 135 (5th Cir.1980) and *Braswell v. United States,* 224 F.2d 706 (10th Cir.) *cert. denied,* 350 U.S. 845, 76 S.Ct. 86, 100 L.Ed. 752 (1955) it has been held that a person under a suspended sentence under the Texas Rehabilitation Statute was a convicted felon for the purposes of various federal firearms statutes. See, also, *United States v. Collins,* 552 F.2d 243, 247–48 (8th Cir.1977) (We held that the conviction of a defendant, for which he was granted a suspension of imposition of sentence, can be used for impeachment purposes).

We agree with the reasoning of the First Circuit and assert that "Where the consequences of the deprivation [e.g., restriction from possession of firearms] are relatively slight compared with the gravity of the public interest sought to be protected, we would give 'convicted by a court' its normal meaning." *United States v. Samson,* 533 F.2d 721, 722 (1st Cir.1976). The normal meaning of the term "conviction" is that criminal proceeding where guilt is determined, either by verdict or plea. The sentencing is a second proceeding wherein the court decrees judgment and announces the sentence defendant is to receive.

In Woods' case, guilt had been established by his plea of guilty and all that remained was for the court to sentence him. Rather than sentence him at that time, imposition of sentence was suspended and he was placed on probation for five years. To accept appellant's interpretation would lead to the result that he would not be subject to the federal firearms restrictions during the entire five-year probation period, although he had admitted guilt of the felony. Common sense dictates that federal law enforcement should not hinge on the outcome of admitted felons' probation terms. See *Depugh v. United States,* 393 F.2d 367, 370 (8th Cir.1968). Accordingly, we conclude that Woods had been "convicted" within the meaning of § 1202 and the district court did not err in overruling his motion to dismiss on that basis.

### Trial Court's Actions

Woods next asserts that the district court erred in the exercise of its judicial function by the undue emphasis as reflected in various dialogues between the court and Woods and his attorney.[7] Appellant lists statements contained in over forty separate pages of the transcript which he claims set forth the attitude of the district court. We have carefully reviewed the entire transcript, paying particular attention to those passages listed by appellant. Several of the statements cited were not even made within the hearing of the jury. Most of the listed comments by the trial judge were merely rulings by the court on objections. A few times the judge addressed questions to witnesses to clarify the testimony.

We find no error in any of the statements by the trial court. We have stated before that a "judge conducting a trial in federal court is more than a 'mere moderator;' he is the 'governor of the trial for the purpose of assuring its proper conduct.'" *Dranow*

7. Appellant did not object at the time of trial to the "dialogues" he now claims were error. Therefore, we can only review his claim under the plain error doctrine. Rule 52, Federal Rules of Criminal Procedure. "Plain error ... is generally termed as that which has a sub-stantial effect on the rights of a criminal defendant." *United States v. Grady,* 665 F.2d 831, 834 (8th Cir.1981); *Berger v. United States,* 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314 (1935).

*v. United States,* 307 F.2d 545, 572 (8th Cir.1962), *quoting, Quercia v. United States,* 289 U.S. 466, 469, 53 S.Ct. 698, 699, 77 L.Ed. 1321 (1933).

> [The trial judge] has the prerogative, and at times the duty, of eliciting facts he deems necessary to the clear presentation of the issues. To this end he may examine witnesses who testify, so long as he preserves an attitude of impartiality and guards against giving the jury an impression that the court believes the defendant is guilty.

*Dranow v. United States,* 307 F.2d 545, 572 (8th Cir.1962). In general, "statements made by the trial judge are not cause for reversal unless prejudicial error is apparent, ... [and] each record must speak for itself in determining if improper comments by the judge were prejudicially erroneous." *United States v. Schrenzel,* 462 F.2d 765, 774 (8th Cir.), *cert. denied,* 409 U.S. 984, 93 S.Ct. 325, 34 L.Ed.2d 248 (1972) (citations omitted); *United States v. Leach,* 429 F.2d 956, 964 (8th Cir.1970), *cert. denied,* 402 U.S. 986, 91 S.Ct. 1675, 29 L.Ed.2d 151 (1971).

■ Looking at the record, we find no prejudicial error, or indeed any error at all. The questions and various comments by the trial judge did not go beyond the limits discussed in *Dranow,* and he continued to preserve an attitude of impartiality. We are satisfied from examining the record that the comments complained of had no influencing effect on the jury and, therefore, did not deprive the appellant of a fair trial.

### Prosecutor's Closing Argument

Appellant's third argument is that the "government used undue and improper emphasis by the sudden, dramatic action of throwing his pen under the table while arguing that this was how the defendant performed."[8] During his closing argument,

Woods' attorney had argued that the actions the police officers had related were impossible. On rebuttal, the prosecutor summarized the testimony concerning the defendant's actions of reaching into his jacket, stooping and throwing as he exited the car. In conjunction with the summation, the prosecutor apparently demonstrated the actions by stooping and sliding his pen under the table.

■ Statements by counsel are not cause for reversal unless prejudicial error is apparent. *United States v. Leach,* 429 F.2d 956, 964 (8th Cir.1970), and cases cited therein. As we have stated before, "[a]ppellate courts should not reverse for ... [counsel's] improprieties unless persuaded that they probably prejudiced the defendant." *Keeble v. United States,* 347 F.2d 951, 956 (8th Cir.1965).

■ In Wood's trial, we find no impropriety in the government attorney's closing argument. The prosecutor's action was based on the evidence presented at trial and was merely the government's interpretation of that evidence. Even if the action had been improper, we can perceive of no prejudicial impact it could have had.

### Transportation of Firearm in Interstate Commerce

Appellant's final argument is that the trial court "lacked valid jurisdiction where there is no proof of record that the weapon was not in the state of Missouri prior to the effective date of the gun control act." Appellant argues that there is no evidence in the record to establish when the gun came into the state of Missouri and that, in absence of proof that the gun entered the state of Missouri after the enactment of § 1202, applying the statute would amount to an *ex post facto* application of the law.

---

8. Again, appellant made no objection at the time of trial to this action by the government attorney in his closing argument. "Absent appropriate objection, motion for mistrial or request for explanatory instruction, error cannot be predicated upon a claim of improper argument." *Patterson v. United States,* 361 F.2d

632, 636 (8th Cir.1966). See also *United States v. Franklin,* 568 F.2d 1156, 1159 (8th Cir.), *cert. denied,* 435 U.S. 955, 98 S.Ct. 1588, 55 L.Ed.2d 807 (1955). As with appellant's second claim of error, we can only review this claim under plain error. Rule 52, Federal Rules of Criminal Procedure. See footnote 6.

We addressed a similar argument in *United States v. Hopkins,* 529 F.2d 775, 777 (8th Cir.1976), *cert. denied,* 431 U.S. 965, 97 S.Ct. 2920, 53 L.Ed.2d 1060 (1977). In *Hopkins,* the defendant had been convicted of receipt of a firearm by a convicted felon in violation of § 1202(a). The evidence established that the weapon had traveled in interstate commerce prior to the enactment of the statute. Hopkins argued that to apply the statute to him would violate the prohibitions against *ex post facto* laws. We stated that the conduct made criminal by the act was the receipt of a firearm by a convicted felon, not the interstate transportation. Similarly, in Woods' case, we are not concerned with when the revolver traveled in interstate commerce, but only when the appellant possessed a firearm which had traveled in interstate commerce. The evidence presented established that the date of possession was December 2, 1982, well after the 1968 enactment of the statute.

After a careful review of the entire record, we find no merit to appellant's argument that applying the statute to him violated the *ex post facto* prohibitions of the Constitution. We further find no impropriety by the trial court or the government and therefore no prejudice to appellant. In addition, we hold that appellant was "convicted" within the meaning of § 1202 despite the fact that imposition of sentence had been suspended on the earlier conviction. Accordingly, we find no error in the actions of the trial court and the judgment below is

AFFIRMED.