**FEDERAL DEPOSIT INSURANCE CORPORATION, Plaintiff,**

v.

**James E. MALLEN and Farmers State Bank, Kanawha, Iowa, Defendants.**

No. C 87–3053.

United States District Court,
N.D. Iowa, C.D.

May 29, 1987.

---

9. The amount of expenses comprises $822.75 for counsels' expenses, $462.60 for copying, $77.65 for postage, $504.58 for long distance telephone calls, and $50.25 for miscellaneous expenses. These expenses were denied by this Court's order dated February 13, 1985, because they were not taxable as costs under 28 U.S.C. § 1920 and because, at that time, attorneys' fees had been denied under *Smith* and *Tatro*. Given that fees are now being awarded, an award of expenses is also appropriate. *See Northcross v. Board of Education,* 611 F.2d 624, 639 (6th Cir.1979), *cert. denied,* 447 U.S. 911, 100 S.Ct. 3000, 64 L.Ed.2d 862 (1980) (award of attorneys' fees as part of costs under § 1988 includes reasonable expenses). These expenses also include payment for the services of a law student and paralegal.

**1004**

Paul C. Lillios, Asst. U.S. Atty., Cedar Rapids, Iowa, James A. Clark, Sr. Atty., FDIC, Washington, D.C., Gerald F. Lamberti, Regional Counsel, FDIC, Kansas City, Mo., for plaintiff.

Mary E. Curtin, Lindquist & Vennum, Minneapolis, Minn., David Siegrist, Britt, Iowa, for defendants.

## ORDER

HANSEN, District Judge.

This matter is before the court on plaintiff Federal Deposit Insurance Corporation's (FDIC) motion for preliminary injunction and motion for temporary restraining order, filed April 16, 1987. Hearing on the FDIC's motions was held on May 1, 1987. The court has reviewed the arguments of

the parties as presented in their briefs and at the hearing, and enters the following order.

## I. Background

Defendant James E. Mallen is the President and the Secretary of the defendant Farmers State Bank, Kanawha, Iowa (the Bank). Additionally, he holds the offices of President and Secretary of the Kanawha Investment Holding Company, which owns 92% of the Farmers State Bank corporate stock. Mr. Mallen is the largest stockholder in the holding company and is also a member of the Boards of Directors of the holding company and the Bank.

On December 10, 1986, an indictment was returned by the Federal Grand Jury in Cedar Rapids, Iowa, charging Mr. Mallen with two counts for alleged criminal offenses involving his activities in connection with his employment at and dealings with the Bank. *United States v. Mallen,* No. CR 86–3017 (N.D.Iowa). Count 1 attempted to allege a violation of 18 U.S.C. § 1014, making a false statement in a financial statement for the purpose of influencing the actions of the FDIC, and Count 2 alleged a violation of 18 U.S.C. § 1001, making a false statement to a federal agency.

Following the indictment and pursuant to 12 U.S.C. § 1818(g), the FDIC, on January 26, 1987, suspended Mr. Mallen from further participation in the conduct of the affairs of the Bank. Mr. Mallen challenged his suspension in this court in *Mallen v. FDIC,* No. C87–3016 (N.D.Iowa). On February 17, 1987, Chief Judge Donald E. O'Brien issued a preliminary injunction which declared the FDIC's temporary suspension of Mallen to be null and void and ruled that the suspension section, 12 U.S.C. § 1818(g), was unconstitutional on the grounds that it did not provide for a sufficiently prompt post-suspension hearing where oral evidence could be presented, and did not provide for prompt disposition.

On March 24, ·1987, a federal trial jury returned guilty verdicts on both counts of the indictment. Subsequently, on March 26, 1987, the FDIC regional director advised the Farmers State Bank that, in the opinion of the FDIC, Mr. Mallen was ineligible to continue as an officer, director or employee of the Bank without the written consent of the FDIC. Upon the advice of the Bank's counsel, Mr. Mallen, however, remained, and remains, in his positions with the Bank. On April 16, 1987, the FDIC brought this present action against Mallen and the Bank, seeking Mallen's removal as director, officer and employee of the Bank, and seeking the assessment of the $100 per day penalty against the Bank provided for in 12 U.S.C. § 1829. The FDIC sought immediate relief through a temporary restraining order and preliminary injunction pursuant to Fed.R.Civ.P. 65.

Mr. Mallen was sentenced on May 1, 1987, prior to the hearing in this matter. At the time of sentencing, the court dismissed Count 1 of the indictment for failure to allege a crime, and imposed a period of incarceration followed by probation as to Count 2. The court declined the United States' request to make a condition of probation, pursuant to 18 U.S.C. § 3651, that Mallen disassociate himself from the Bank.[1]

Hearing thereafter was held on the FDIC's attempt to remove Mr. Mallen pursuant to 12 U.S.C. § 1829. Since both parties were given adequate notice and were represented by counsel, the court treats this matter as a request for a preliminary injunction pursuant to Fed.R.Civ.P. 65(a).

## II. Preliminary Injunction

Whether a preliminary injunction should be issued involves consideration of (1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.,*

---

**1.** On May 5, 1987, defendant Mallen filed a notice of appeal of the court's final judgment of conviction.

640 F.2d 109, 113 (8th Cir.1981). The court finds that each of these factors weighs in favor of granting the preliminary injunctive relief. Since defendants' arguments turn essentially on the third factor, it is appropriate to analyze the probability that movant will succeed on the merits first.

### A. Probability that movant will succeed on the merits

The FDIC seeks relief pursuant to 12 U.S.C. § 1829 (Section 19 of the Federal Deposit Insurance Act). The defendants maintain that relief cannot be granted on the basis of § 1829 for the reasons that § 1829 is inapplicable to Mr. Mallen and the Bank, and that § 1829 is unconstitutional.

### 1. Construction of 12 U.S.C. § 1829

Title 12, U.S.C. § 1829 provides:

**Conditions governing employment of personnel**

Except with the written consent of the Corporation, no person shall serve as a director, officer, or employee of an insured bank who has been convicted, or who is hereafter convicted, of any criminal offense involving dishonesty or a breach of trust. For each willful violation of this prohibition, the bank involved shall be subject to a penalty of not more than $100 for each day this prohibition is violated, which the Corporation may recover for its use.

■ The language of § 1829 literally suggests that the Farmers State Bank may no longer retain Mr. Mallen, since Mallen has been convicted of a crime of dishonesty or a breach of trust, namely making a false statement or entry to a federal agency, and since the Bank does not have written consent of the FDIC to allow Mallen to serve as director, officer, or employee.[2] The defendants argue, however, that this literal reading of § 1829 is incorrect in light of 12 U.S.C. § 1818(g) which provides for the removal of bank directors and officers who have been convicted of criminal offenses involving dishonesty or breach of trust. Thus, the defendants argue, if a director or officer is removed pursuant to § 1829 fol-

lowing conviction, the provisions in § 1818(g) that allow the FDIC to remove a director or officer after the appeal process following conviction has expired would be superfluous. Since statutes should not be interpreted as though Congress enacted superfluous provisions, *Conway County Farmers Ass'n v. United States*, 588 F.2d 592, 598 (8th Cir.1978), and since statutes should be reconciled, *Owens v. Heckler*, 753 F.2d 675, 679 (8th Cir.1985), defendants suggest another interpretation for § 1829 is required. Specifically, the defendants would construe § 1829 so that it only applies to *prospective* directors, officers or employees rather than to current directors, officers or employees, and that it only applies after a judgment of conviction is no longer subject to further appellate review.

Under the defendants' first interpretation of § 1829, only § 1818(g) allows the FDIC to remove convicted current directors and officers, while § 1829 prevents persons convicted of crimes described in the statute from ever becoming directors and officers. This dichotomy is supported by *Manges v. Camp*, 474 F.2d 97 (5th Cir.1973), and the FDIC's own regulations, both of which indicate that § 1818(g) only applies to sitting directors and officers. The FDIC's published regulations concerning § 1829 deal only with applications for directors, officers, and employees who have been convicted in the past.

Under the defendants' second interpretation of § 1829, "conviction" in § 1829 would be modified by § 1818(g) to mean a judgment of conviction which is not subject to further appellate review. Thus, defendants argue, the more specific language of § 1818(g) would control the more general language of § 1829.

■ These interpretations, however, are not supported by the unambiguous language of § 1829. The maxim of statutory construction that statutes should be construed so as to give effect to all provisions does not override the primary rule of statutory construction that a statute's plain meaning should be given priority in its

**2.** No application has been made by the Bank to    obtain the written consent of the FDIC.

construction. *W.U. Tel. Co. v. F.C.C.,* 665 F.2d 1126, 1137 (D.C.Cir.1981).

The phrase "no person *shall serve,*" (emphasis added) applies to both a current director, officer or employee, as well as prospective employees. Congress's intent to have the statute apply to both current officers and prospective officers is reflected in the House Report on the Federal Deposit Insurance Act which states:

> Section 19 adds a provision to existing law to prohibit any person, except with the Corporation's consent, from serving as a director, official or employee of an insured bank who has been, *or is,* convicted of any criminal offense involving dishonesty or breach of trust.

H.R.Rep. No. 2564, 81st Cong., 2d Sess., reprinted in 1950 U.S.Code Cong.Service 3765, 3775 (emphasis added).

This explanation strongly indicates that § 1829 applies to a current director or official who *is* convicted. This view is supported by a three-judge district court opinion in *Feinberg v. Federal Deposit Ins. Corp.,* 420 F.Supp. 109 (D.D.C.1976), which found that § 1829 would be applicable to a sitting director and officer. Unlike *Manges,* which dealt only with § 1818(g), the *Feinberg* court considered the interplay between § 1829 and § 1818(g).

The result in *Manges* did not dictate, or even imply that § 1829 was applicable only to prospective directors and officers. Nor are the FDIC's own regulations determinative of the issue. While those regulations dealing specifically with § 1829 only contemplate applications from banks to employ persons who have been convicted of a crime involving dishonesty or a breach of trust, the failure of the FDIC to have regulations under § 1829 dealing with a current director, officer or employee does not mean that the FDIC has taken a position through their regulations that § 1829 can never apply to a current director, officer or employee.

Further, whatever interpretation the FDIC has put on the statute, it is not controlling for this court. While due deference should be accorded statutory interpretation by an agency which has the responsibility for administering the statute, statutory construction ultimately is a judicial function. *Aero Mayflower Transit Co., Inc. v. I.C.C.,* 686 F.2d 1, 5–6 (D.C.Cir. 1982). A position that has been taken by an agency in its own regulations which is purportedly contrary to the agency's position in the case at bar, cannot thwart the plain meaning of the statute, or somehow prevent the agency from taking its current position *See United States v. San Francisco,* 310 U.S. 16, 29–30, 60 S.Ct. 749, 756–57, 84 L.Ed. 1050 (1940).

The court finds the language of § 1829 unambiguous as to its application to both present and prospective directors, officers and employees.

■ Similarly, the defendants' second attempt at reconciling § 1829 and § 1818(g) is unpersuasive. To construe "conviction" as meaning a judgment of conviction which is no longer subject to further appellate review does not resolve the defendant's perceived inconsistency between § 1829 and § 1818(g). Under defendants' approach to these statutes, that part of § 1818(g) which provides that the agency may remove the director and officer "if continued service or participation by the individual may impose a threat to the interests of the bank's depositors or may threaten to impair public confidence in the bank" would be superfluous, since removal could occur in § 1829 without that standard.

Further the defendants' interpretation of "conviction" is contrary to the ordinary meaning of the term, which does not require exhaustion of the direct criminal appeal process. For purposes of the federal firearm statutes, the term "conviction" does not require that the conviction be upheld on appeal. *United States v. Williams,* 484 F.2d 428, 430 (8th Cir.1973); *United States v. Liles,* 432 F.2d 18, 20–21 (9th Cir.1970); *cf. United States v. Woods,* 696 F.2d 566, 570 (8th Cir.1982). Similarly, the Supreme Court has suggested that the term "conviction" means less than a conviction which has been affirmed on appeal. *Dickerson v. New Banner Institute, Inc.,* 460 U.S. 103, 112–114, 103 S.Ct. 986, 991–93, 74 L.Ed.2d 845 (1983), *citing United*

*States v. Woods,* 696 F.2d at 570. Only under the Immigration and Nationality Act, 8 U.S.C. §§ 1101, *et seq.,* do federal courts interpret "conviction" as requiring conclusion of any direct appeals. This exception is attributable to the need to assure that the alien has an opportunity to prosecute the appeal, and thus fully protect the alien's freedom in this country. *See Costello v. I & N S,* 376 U.S. 120, 128, 84 S.Ct. 580, 585, 11 L.Ed.2d 559 (1964); *Humboldt Oil Co., Inc. v. Exxon Co., U.S.A.,* 695 F.2d 386, 389 (9th Cir.1982).

In a comparable statute, 15 U.S.C. § 2802(c)(12), one ground for termination of a petroleum franchise under the Petroleum Marketing Practices Act, is a conviction of the franchisee of a felony involving moral turpitude. Two courts have held that "conviction" does not imply that a franchisee must lose all possible appeals before the franchisor may terminate the franchise. *Lewis v. Exxon Corp.,* 716 F.2d 1398, 1399 (D.C.Cir.1983); *Humboldt Oil Co., Inc. v. Exxon Co., U.S.A.,* 695 F.2d 386, 389 (9th Cir.1982). The *Lewis* court examined analogous statutes, Federal Rules of Criminal and Appellate Procedure, Federal Rules of Evidence and common law, and concluded that the basis for termination in the statute "is not the veracity of the conviction but the fact of conviction," *Lewis* at 1400. Rather than restating the *Lewis* opinion, this court adopts the *Lewis* court's discussion of "conviction" found at 1399–1400, and concludes that for the purpose of 12 U.S.C. § 1829, "conviction" does not require exhaustion of direct appeals.

■ The court believes that it is unnecessary to obscure the apparent intent of Congress in § 1829 by accepting the defendants' suggested construction. The defendants seek to turn the ordinary into the extraordinary.

Section 1829 was adopted in 1950, and prohibits banks from allowing persons who have been convicted of crimes involving dishonesty or a breach of trust from serving as directors, officers or employees. As an enforcement mechanism, the FDIC may recover $100 per day from an offending bank for willful violations.

Section 1829 did not itself give the FDIC power to remove directors and officers. The FDIC received its removal power with the Financial Institutions Supervisory Act of 1966. The Act allowed the FDIC to remove directors, officers, or other persons participating in the conduct of the affairs of the bank who had become involved with crimes of dishonesty or breach of trust, or such persons who generally breach their duty to the banking system. Thus, in 1966, Congress supplemented insured *banks'* obligations not to allow persons to serve as directors, officers or employees who had been convicted of crimes involving dishonesty and a breach of trust, with the *FDIC's* specific power in 1818(e)–(g) to remove all types of individuals who might threaten the soundness of the banking system. Congress did not intend to change or modify the bank's obligation, or to change the meaning of § 1829. Section 206 of the Financial Institutions Supervisory Act of 1966 specifically provided:

Nothing contained in this title shall be constructed to repeal, modify, or affect the provisions of section 19 of the Federal Deposit Insurance Act (12 U.S.C.1829).

Financial Institutions Supervisory Act of 1966, Pub.L. No. 89–695 § 206, 1966 U.S. Code Cong. & Admin.News 1204, 80 Stat. 1028.

To the extent that a bank honors its obligation to not allow persons described in § 1829 to serve with the bank, the FDIC's removal of such persons under § 1818(g) would not be needed. As illustrated by the present action, banks do not always honor this obligation, and the FDIC could turn to § 1818(g) to remove Mr. Mallen.[3] Hence, § 1818(g) would not be superfluous.

The practical effect of FDIC's present action to enforce § 1829 does arguably create an overlap between § 1829 and § 1818(g), since a favorable result for the FDIC would avoid the necessity of relying on § 1818(g). This overlap, however, is not a result of Congressional intent, but rather

---

**3.** Here, the court is speaking in terms of Congressional intent. Under the facts of this case,

§ 1818(g) is an unavailable remedy to the FDIC due to Chief Judge O'Brien's rulings.

is a result of the court's equity powers to enforce federal statutes.

The court finds that the defendants' argument that § 1829 does not apply to them to be lacking in merit. The clear meaning of § 1829 requires the Bank to discontinue the services of Mr. Mallen as director, officer, or employee, since a violation of 18 U.S.C. § 1001 is clearly a crime of dishonesty or a breach of trust. This interpretation does not leave the FDIC's power to remove Mr. Mallen under § 1818(g) superfluous.

## 2. Constitutionality of § 1829

■ The defendants maintain that § 1829 is unconstitutional for the reason that an adequate hearing is not provided for by the FDIC regulations. 12 C.F.R. § 308.55-63 (1987). Defendants rely on Judge O'Brien's rulings in *Mallen v. FDIC,* No. C87-3016 (N.D.Iowa), where Judge O'Brien found 12 U.S.C. § 1818(g) to be unconstitutional since the FDIC failed to provide the defendants an adequate post-deprivation hearing and prompt disposition.

Initially, the court notes that the present case is clearly distinguishable from case no. C87-3016. First, there has not yet been any deprivation of the defendants' rights. Second, a different statute is involved. Third, instead of being indicted, Mr. Mallen has been tried and convicted.

Judge O'Brien has previously found that both Mr. Mallen and the Bank have constitutionally protected property interests at stake. *Mallen v. FDIC,* No. C87-3016, slip op. at 8 (N.D.Ia. February 17, 1987). The FDIC has not questioned that part of Judge O'Brien's ruling, and that determination controls in this action.

Since both Mr. Mallen and the FDIC have constitutionally protected property interests, they are due some process prior to deprivation of their rights. The court believes that the defendants have received that due process of law. Under § 1829, as it applies in this action, a person may not serve with an insured bank if the person has been convicted of a crime of dishonesty or a breach of trust. With respect to the predicate conviction in this case, Mr. Mallen received the most extensive due process of law that our democratic system has derived—a full fledged criminal jury trial with the full panoply of constitutional rights extended to and utilized by him. No further procedures could be provided pursuant to § 1829 which could give the defendants any greater protection of due process. The only remaining issues arguably entitling the defendants to a separate notice and hearing are questions of statutory construction, including whether Mr. Mallen was convicted of a crime of dishonesty or a breach of trust. Defendants had sufficient opportunity to be heard on such matters through their written briefs and at the instant hearing held on the pending request for preliminary injunction.[4]

The defendants argue that the hearing provided by the FDIC in its regulations, 12 C.F.R. § 308.55-63, fails to provide sufficient due process. This argument, however, misses the mark. Section § 1829 does not itself give the FDIC power to remove a bank director, officer, or employee. Thus the regulations setting forth the FDIC's procedures for removal under 12 U.S.C. § 1818(g) are inapplicable to § 1829, and do not create any additional procedural rights. On these facts, the FDIC has no law to apply and no discretion to exercise.[5] The FDIC's regulations do provide for procedures for applications to gain FDIC written consent under § 1829, but no such application has been made in this matter.

The court therefore rejects the defendants' challenge to the constitutionality of § 1829.

## 3. Application of § 1829

■ A violation of 18 U.S.C. § 1001, making a false statement or entry to a

---

4. Defendants have not argued that Mr. Mallen's conviction for a violation of 18 U.S.C. § 1001, making a false statement or entry to a federal agency, was not a "crime of dishonesty or a breach of trust."

5. In *Feinberg v. Federal Deposit Ins. Corp.,* 420 F.Supp. 109, 116, 117 n. 19 (D.D.C.1976), the court suggested that where removal of a bank officer was automatic and was without agency determination, no agency due process was required.

federal agency, is generally a crime of dishonesty or a breach of trust. After presiding at Mr. Mallen's trial, this judge also can conclude that Mr. Mallen's specific actions which resulted in his conviction constituted a crime of both dishonesty and a breach of trust. There is a high probability that the FDIC will succeed on the merits in this case.

### B. Threat of irreparable harm to the movant

Normally, one consideration of a court in determining whether a preliminary injunction should issue is whether the movant has adequate legal or administrative remedies available without requiring use of the court's equitable powers. *Jackson v. Conway*, 476 F.Supp. 896, 902 (E.D.Mo.1979), *aff'd*, 620 F.2d 680 (8th Cir.1980). This question might be especially relevant in this case where Congress provided the FDIC removal authority under 12 U.S.C. § 1818(g), and allowed the FDIC to fine offending banks under § 1829.[6]

The Supreme Court, however, has ruled that a federal agency may obtain injunctive relief to enforce Congress' will, despite the absence of any specific provision authorizing an injunction, and despite the existence of other statutory remedies. *Sanitary District v. United States*, 266 U.S. 405, 426, 45 S.Ct. 176, 178, 69 L.Ed. 352 (1925); *United States v. Republic Steel Corp.*, 362 U.S. 482, 492, 80 S.Ct. 884, 890, 4 L.Ed.2d 903 (1960); *Complaint of Oswego Barge Corp.*, 673 F.2d 47, 49 (2nd Cir.1982). In § 1829, Congress has provided enough federal law to define the interest of the United States so that an appropriate remedy may be fashioned. *See United States v. Republic Steel Corp.*, 362 U.S. at 492, 80 S.Ct. at 890. The FDIC's request for injunctive relief is not defeated by the presence of other remedies in § 1818(g) or § 1829, nor by the lack of specific authority to seek injunctive relief under § 1829.

Since the court will be making effective the declared policy of Congress, the FDIC does not have to demonstrate that irreparable harm will occur unless the defendants are enjoined from violating § 1829. *United States v. San Francisco*, 310 U.S. 16, 31, 60 S.Ct. 749, 757, 84 L.Ed. 1050 (1940); *Southwestern Bell Telephone v. Ark. Pub. Serv.*, 738 F.2d 901, 908 (8th Cir.1984), *cert. granted, vacated and remanded on other grounds*, —— U.S. ——, 106 S.Ct. 2885, 90 L.Ed.2d 973 (1984).

### C. Balance between the harm and injury, and the public interest

Again, since the FDIC is seeking to enforce a federal statute, the traditional equity analysis is not required. *Southwestern Bell Telephone v. Ark. Pub. Serv.*, 738 F.2d at 908.

### D. Scope of injunction

The Bank should be enjoined from continuing to allow Mr. Mallen to serve with the Bank as either a director, officer, or employee. Similarly, Mr. Mallen should be enjoined from continued service as a director, officer, or employee with the Bank. The court notes that Mr. Mallen's involvement in the Kanawha Investment Holding Company is not covered in § 1829, and the court's injunction cannot and does not specifically include the Holding Company.

The FDIC also seeks in this action assessment of penalties under § 1829. The question of the assessment of the statutory penalty is not involved in the determination of the preliminary injunction issues, and is left for the case in chief.

### III. Summary

The FDIC's motion for preliminary injunction should be granted, and the Bank should be enjoined from allowing, permitting, or employing Mr. Mallen serve as a director, officer, or employee of the Bank. Mr. Mallen should be enjoined from serving as a director, officer or employee of the

---

6. In this action, however, 12 U.S.C. § 1818(g) appears to be an unavailable remedy to the FDIC in light of Chief Judge O'Brien's rulings in *Mallen v. FDIC*, No. C87–3016 (N.D.Ia.). Whether a $100 per day penalty is an adequate remedy for the FDIC is a question which the parties have not addressed.

Bank. The injunction will prevent Mr. Mallen from serving as President of the Bank, as Secretary of the Bank, as a member of the Board of Directors of the Bank, or as an employee of the Bank in any fashion.

## ORDER:

Accordingly, It Is Ordered:

1. The Federal Deposit Insurance Corporation's motion for preliminary injunction, filed April 16, 1987, is granted. The Farmers State Bank, Kanawha, Iowa, is enjoined from allowing, permitting or employing James E. Mallen to serve as a director, officer, or employee of the Farmers State Bank, Kanawha, Iowa.

2. James E. Mallen is enjoined from serving as a director, officer or employee of the Farmers State Bank, Kanawha, Iowa.

3. This injunction is effective as of 12:00 noon on Monday, June 1, 1987.